NO. 07-02-0200-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 30, 2003


______________________________



LINDSEY FORD, JR.
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;



NO. 2002-478,318; HON. DRUE FARMER, PRESIDING


_______________________________



Before QUINN, REAVIS and CAMPBELL, JJ.

 Appellant Lindsey Ford, Jr. appeals his conviction for driving while intoxicated. Via
three issues, he contends that the trial court erred in 1) failing to grant a mistrial due to
improper jury argument, 2) refusing to allow him to cross-examine the State's expert
witness with a purported learned treatise, and 3) refusing to give an instruction to the jury
under art. 38.23 of the Texas Code of Criminal Procedure. We affirm the judgment of the
trial court. 

 Background

 On December 13, 2001, Kevin Turner, a Nolan County constable, saw a car driven
by appellant on Highway 84 near Lubbock veer onto and then off of the outside median. 
Appellant then pulled over into Turner's lane of traffic when Turner attempted to pass him. 
This caused Turner to back away and follow appellant. As he did, he observed appellant
driving erratically. At one point, appellant exited the highway onto a parking lot, made
three "donuts" or U-turns in the lot, and then re-entered the highway driving westbound in
the eastbound lane for approximately 50 yards. 

 While observing appellant, Turner used his police radio to contact local authorities. 
Trooper Brook Ray responded to the call and encountered Turner and appellant in town. 
By that time, appellant had stopped. Ray approached appellant and administered field
sobriety tests. Thereafter, he arrested appellant and transported him to the police station. 
At the station, appellant underwent breath testing that revealed his blood alcohol content
to be .123. 

 Issue One - Improper Jury Argument

 In his first issue, appellant asserts that the trial court erred "in failing to grant a
mistrial when the prosecution impermissibly commented directly on [his] failure to testify
regarding an element of the case while further alluding to his silence on other elements
of the case." We overrule the issue. 

 In the first of three remarks underlying appellant's complaint, the prosecutor said: 
 . . . in Lubbock County, Texas. I don't think there is any contention
about that. On or about December 13, 2002; I don't believe there is
any contention of that . . . .


This utterance, according to appellant, was a comment on his failure to testify because
"there [was] only one person who could contest it," that person allegedly being the
appellant. In response to the objection, the trial court directed the prosecutor to "restate,
please." At that point, appellant moved for mistrial, which motion the trial court denied. 
While objecting to the comment and after the trial court apparently sustained the objection
by directing the prosecutor to "restate," appellant did not request that it also instruct the
jury to disregard the comment. This omission was fatal. To preserve error regarding
prosecutorial misconduct, the appellant must not only object but also request an instruction
to disregard and move for a mistrial. Penry v. State, 903 S.W.2d 715, 764 (Tex. Crim.
App.), cert. denied, 516 U.S. 977, 116 S.Ct. 480, 133 L.Ed.2d 408 (1995). Having failed
to request an instruction to disregard, appellant failed to preserve his complaint about the
comment. Busse v. Pacific Cattle Feeding Fund No. 1, Ltd., 896 S.W.2d 807, 815 (Tex.
App.--Texarkana 1995, writ denied) (holding that the failure to request an instruction to
disregard waives the complaint). This is especially so since an instruction to disregard
generally cures any purported harm arising from the error. Dinkins v. State, 894 S.W.2d
330, 357 (Tex. Crim. App), cert. denied, 516 U.S. 832, 116 S.Ct. 106, 133 L.Ed.2d 59
(1995). 

 The second comment in dispute involves the prosecutor's statement, during
summation, that:

 . . . He didn't mention about him drinking. Never heard that by defense counsel, the fact that, "No, I haven't had anything to drink," but the fact [the]
Trooper smelled alcohol on his breath.


According to appellant, this too was a comment on his failure to testify. The trial court
sustained the objection, instructed the jury to disregard the comment, and apparently
overruled his motion for mistrial. 

 To violate an accused's right against self-incrimination, the remark must be of such
a character that the jury would necessarily and naturally take it as a comment on his failure
to testify; so too must it be viewed from the jury's standpoint. Fuentes v. State, 991
S.W.2d 267, 275 (Tex. Crim. App.), cert. denied, 528 U.S. 1026, 120 S.Ct. 541, 145
L.Ed.2d 420 (1999). The fact that the language may be construed as an implied or indirect
allusion to a defendant's failure to testify is not enough to evince impropriety, however. 
Staley v. State, 887 S.W.2d 885, 895 (Tex. Crim. App. 1994), cert. denied, 514 U.S. 1020,
115 S.Ct. 1366, 131 L.Ed.2d 222 (1995). 

 At first blush and assuming that the comment was without context, it may be of
concern. However, when it is placed in context, all basis for concern dissipates. This is
so because the record reveals that the prosecutor was attempting to respond to argument
uttered by the defense counsel as to why his client should be acquitted. That is, after
defense counsel concluded his summation, counsel for the State began by stating that
"[t]hese are some of the excuses [urged by appellant which] I have written down
throughout this trial." Then he proceeded to describe them. They included, among other
things, an attack upon the accuracy of the machine by which appellant's breath was tested
for alcohol content, an attack upon Turner's motives in reporting appellant, a general
comment upon appellant's failure to pay attention while driving, and the manner in which
the field sobriety tests were administered. It was only after describing those various
excuses that counsel for the State said appellant never denied having anything to drink. 
Simply put, the prosecutor was attempting to illustrate that despite all the excuses
proffered by appellant and supposedly justifying acquittal, the jury never heard the excuse
that appellant should be acquitted because he was innocent of drinking. 

 It is permissible for a prosecutor to answer the argument uttered by his opponent. 
Guidry v. State, 9 S.W.3d 133, 154 (Tex. Crim. App. 1999), cert. denied, 531 U.S. 837, 121
S.Ct. 98, 148 L.Ed.2d 57 (2000) (describing the permissible areas of jury argument). That
is what he was doing here. And, when viewed in context and from the perspective of a
juror at the trial, the utterance in question was not of the ilk which would necessarily and
naturally cause the jury to interpret it as a comment on appellant's failure to testify. As
framed by the context of the argument, any silence to which the State alluded did not
concern appellant's invocation of his Fifth Amendment right against self-incrimination. 
Rather, it concerned the absence from the litany of excuses allegedly offered by appellant
that which the State thought the jurors should deem important, i.e. that he was not drunk
because he drank no alcoholic beverage.

 Yet, even if one could reasonably conclude that the comment was improper, the trial
court instructed the jury to disregard it. As previously mentioned, such an instruction 
generally cures the error and harm arising therefrom. Dinkins v. State, 894 S.W.2d at 357. 
And, appellant fails to explain why that is not so here.

 The final comment about which appellant complains consisted of the prosecutor
saying:

 . . . He told you he is a sworn peace officer, and that is his job, to protectsociety, to protect people like you or your families who are out driving on[Highway] 84 and might run into somebody that is going the wrong way or
somebody that is out there - -


In raising this complaint on appeal, appellant failed to cite to any authority directly holding
the comment to be improper or indicating, by analogy, that it was improper. Consequently,
he failed to properly brief the issue and, therefore, waived it. Tex. R. App. P. 38.1(h)
(stating that a brief must contain clear and concise argument accompanied by citation to
the record and authority); Billy v. State,77 S.W.3d 427, 429 (Tex. App.--Dallas 2002, pet.
ref'd) (holding that one waives his complaint by failing to cite to pertinent legal authority).

 Issue Two - Use of Learned Treatise

 Appellant argues, in his second issue, that the trial court erred "in refusing to allow
[him] to cross examine and confront the State's expert witness regarding [the] expert [sic]
conclusions with a learned treatise pursuant to Rule 803(18) of the Texas Rules of
Evidence." We overrule the issue.

 Per Rule 803(18), one may impeach an expert witness with a treatise, book, or 
scientific journal if the witness recognizes the item as authoritative or relies on it. Carter
v. Steere Tank Lines, Inc., 835 S.W.2d 176, 182 (Tex. App.--Amarillo 1992, writ denied). 
Or, the litigant may use it if other expert testimony shows the publication to be reliable or
if the trial court takes judicial notice of its reliability. Tex. R. Evid. 803(18). Here, appellant
does not contend that the trial court should have taken judicial notice of the reliability of
the journal he sought to use to impeach the State's expert. Nor does he contend that other
expert testimony established the reliability of the treatise. Instead, he asserts that the
expert he intended to impeach admitted that they were, or recognized them as, reliable. 
Yet, the witness stated that she had not previously relied on that journal, that she
"assume[d]" it was a peer review journal, that "maybe some" would rely on the journal, that
it is "possible" that it is a peer review article used in the scientific community, and that "it
appears to be" a professional journal. Each of these statements is equivocal. None
evince certainty. Nor do any rise to the level of an admission about the reliability of the
purported treatise given the equivocation of the witness. Lee v. Lee, 43 S.W.3d 636, 641-41 (Tex. App.-Fort Worth 2001, no pet.) (holding that to be an admission a statement must
be, among other things, clear, deliberate, and unequivocal). Consequently, the trial court
did not abuse its discretion in refusing to admit the evidence. See Powell v. State, 63
S.W.3d 435, 438 (Tex. Crim. App. 2001) (stating that appellate courts review the
admission or exclusion of evidence under an abuse of discretion standard). 

 Issue Three - Error in Jury Charge 

 In his third issue, appellant contends that the trial court erred "in refusing to give the
instruction to the jury concerning the unlawful collection of evidence pursuant to Rule 
38.23 of the Texas Code of Criminal Procedure." We overrule the issue.

 According to article 38.23 of the Code of Criminal Procedure,

[i]n any case where the legal evidence raises an issue [regarding the legality
of the means by which evidence was obtained], the jury shall be instructed
that if it believes, or has a reasonable doubt, that the evidence was obtained
in violation of the provisions of this Article, then and in such event, the jury
shall disregard any such evidence so obtained. 


Tex. Code Crim. Proc. Ann. art. 38.23(a) (Vernon Supp. 2003). Yet, as can be seen from
the wording of the statute itself, the accused is not entitled to the instruction unless a fact
issue exists regarding the legality of the method used to obtain the evidence in dispute. 
If such an issue does not exist, then the trial court does not err in refusing to instruct the
jury per art. 38.23. Shpikula v. State, 68 S.W.3d 212, 217 (Tex. App.-Houston [1st Dist.]
2002, no pet.).

 Here, appellant contends that he "intensely questioned the witnesses about both
the validity of the tests and the need to administer them in the proper manner." So too
does he allege that he "sought to establish that probable cause did not exist with respect
to Appellant's arrest . . ." and "the issue [sic] of test validity and improper administration
of field sobriety tests were raised with every law enforcement witness called . . . ." Yet,
merely saying that he sought to attack the validity of the arrest and aggressively
questioned the witnesses about it does not mean that the record contains evidence
creating a disputed fact issue regarding the validity of the arrest. Nor does appellant cite
us to any evidence creating such a fact issue. Instead, he merely refers the court to
argument of the State (which is not evidence) and to excerpts of his cross-examination
wherein he asked about how field sobriety tests, in general, were administered. 

 In short, to be entitled to an art. 38.23 instruction, appellant had to do more than
merely contend that he questioned the validity of his arrest; he had to illustrate to us that
a fact issue existed regarding the validity of the arrest. That he did not do. 

 Accordingly, the judgment of the trial court is affirmed.


 Brian Quinn

 Justice

 

Do not publish.