NO. 07-02-0200-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 30, 2003
_____

LINDSEY FORD, JR.,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE COUNTY COURT AT LAW NO. 2 OF LUBBOCK COUNTY;

NO. 2002-478,318; HON. DRUE FARMER, PRESIDING
_____

Before QUINN, REAVIS and CAMPBELL, JJ.

Appellant Lindsey Ford, Jr. appeals his conviction for driving while intoxicated. Via three issues, he contends that the trial court erred in 1) failing to grant a mistrial due to improper jury argument, 2) refusing to allow him to cross-examine the State's expert witness with a purported learned treatise, and 3) refusing to give an instruction to the jury under art. 38.23 of the Texas Code of Criminal Procedure.  We affirm the judgment of the trial court.

***Background***

On December 13, 2001, Kevin Turner, a Nolan County constable, saw a car driven by appellant on Highway 84 near Lubbock veer onto and then off of the outside median. Appellant then pulled over into Turner's lane of traffic when Turner attempted to pass him. This caused Turner to back away and follow appellant. As he did, he observed appellant driving erratically. At one point, appellant exited the highway onto a parking lot, made three "donuts" or U-turns in the lot, and then re-entered the highway driving westbound in the eastbound lane for approximately 50 yards.

While observing appellant, Turner used his police radio to contact local authorities. Trooper Brook Ray responded to the call and encountered Turner and appellant in town. By that time, appellant had stopped. Ray approached appellant and administered field sobriety tests. Thereafter, he arrested appellant and transported him to the police station. At the station, appellant underwent breath testing that revealed his blood alcohol content to be .123.

### Issue One - Improper Jury Argument

In his first issue, appellant asserts that the trial court erred "in failing to grant a mistrial when the prosecution impermissibly commented directly on [his] failure to testify regarding an element of the case while further alluding to his silence on other elements of the case." We overrule the issue.

In the first of three remarks underlying appellant's complaint, the prosecutor said:

> . . . in Lubbock County, Texas. I don't think there is any contention about that. On or about December 13, 2002; I don't believe there is any contention of that . . . .

This utterance, according to appellant, was a comment on his failure to testify because "there [was] only one person who could contest it," that person allegedly being the appellant. In response to the objection, the trial court directed the prosecutor to "restate, please." At that point, appellant moved for mistrial, which motion the trial court denied. While objecting to the comment and after the trial court apparently sustained the objection by directing the prosecutor to "restate," appellant did not request that it also instruct the jury to disregard the comment. This omission was fatal. To preserve error regarding prosecutorial misconduct, the appellant must not only object but also request an instruction to disregard and move for a mistrial. *Penry v. State*, 903 S.W.2d 715, 764 (Tex. Crim. App.), *cert. denied,* 516 U.S. 977, 116 S.Ct. 480, 133 L.Ed.2d 408 (1995). Having failed to request an instruction to disregard, appellant failed to preserve his complaint about the comment. *Busse v. Pacific Cattle Feeding Fund No. 1, Ltd.*, 896 S.W.2d 807, 815 (Tex. App.--Texarkana 1995, writ denied) (holding that the failure to request an instruction to disregard waives the complaint). This is especially so since an instruction to disregard generally cures any purported harm arising from the error. *Dinkins v. State*, 894 S.W.2d 330, 357 (Tex. Crim. App), *cert. denied,* 516 U.S. 832, 116 S.Ct. 106, 133 L.Ed.2d 59 (1995).

The second comment in dispute involves the prosecutor's statement, during summation, that:

> . . . He didn't mention about him drinking. Never heard that by defense counsel, the fact that, "No, I haven't had anything to drink," but the fact [the] Trooper smelled alcohol on his breath.

According to appellant, this too was a comment on his failure to testify. The trial court sustained the objection, instructed the jury to disregard the comment, and apparently overruled his motion for mistrial.

To violate an accused's right against self-incrimination, the remark must be of such a character that the jury would necessarily and naturally take it as a comment on his failure to testify; so too must it be viewed from the jury's standpoint. *Fuentes v. State,* 991 S.W.2d 267, 275 (Tex. Crim. App.), *cert. denied,* 528 U.S. 1026, 120 S.Ct. 541, 145 L.Ed.2d 420 (1999). The fact that the language may be construed as an implied or indirect allusion to a defendant's failure to testify is not enough to evince impropriety, however. *Staley v. State,* 887 S.W.2d 885, 895 (Tex. Crim. App. 1994), *cert. denied,* 514 U.S. 1020, 115 S.Ct. 1366, 131 L.Ed.2d 222 (1995).

At first blush and assuming that the comment was without context, it may be of concern. However, when it is placed in context, all basis for concern dissipates. This is so because the record reveals that the prosecutor was attempting to respond to argument uttered by the defense counsel as to why his client should be acquitted. That is, after defense counsel concluded his summation, counsel for the State began by stating that "[t]hese are some of the excuses [urged by appellant which] I have written down throughout this trial." Then he proceeded to describe them. They included, among other things, an attack upon the accuracy of the machine by which appellant's breath was tested for alcohol content, an attack upon Turner's motives in reporting appellant, a general comment upon appellant's failure to pay attention while driving, and the manner in which the field sobriety tests were administered. It was only after describing those various

4

excuses that counsel for the State said appellant never denied having anything to drink. Simply put, the prosecutor was attempting to illustrate that despite all the excuses proffered by appellant and supposedly justifying acquittal, the jury never heard the excuse that appellant should be acquitted because he was innocent of drinking.

It is permissible for a prosecutor to answer the argument uttered by his opponent. *Guidry v. State,* 9 S.W.3d 133, 154 (Tex. Crim. App. 1999), *cert. denied,* 531 U.S. 837, 121 S.Ct. 98, 148 L.Ed.2d 57 (2000) (describing the permissible areas of jury argument). That is what he was doing here. And, when viewed in context and from the perspective of a juror at the trial, the utterance in question was not of the ilk which would *necessarily and naturally* cause the jury to interpret it as a comment on appellant's failure to testify. As framed by the context of the argument, any silence to which the State alluded did not concern appellant's invocation of his Fifth Amendment right against self-incrimination. Rather, it concerned the absence from the litany of excuses allegedly offered by appellant that which the State thought the jurors should deem important, *i.e.* that he was not drunk because he drank no alcoholic beverage.

Yet, even if one could reasonably conclude that the comment was improper, the trial court instructed the jury to disregard it. As previously mentioned, such an instruction generally cures the error and harm arising therefrom. *Dinkins v. State*, 894 S.W.2d at 357. And, appellant fails to explain why that is not so here.

The final comment about which appellant complains consisted of the prosecutor saying:

. . . He told you he is a sworn peace officer, and that is his job, to protect society, to protect people like you or your families who are out driving on [Highway] 84 and might run into somebody that is going the wrong way or somebody that is out there - -

In raising this complaint on appeal, appellant failed to cite to any authority directly holding the comment to be improper or indicating, by analogy, that it was improper. Consequently, he failed to properly brief the issue and, therefore, waived it. TEX. R. APP. P. 38.1(h) (stating that a brief must contain clear and concise argument accompanied by citation to the record and authority); *Billy v. State,*77 S.W.3d 427, 429 (Tex. App.—Dallas 2002, pet. ref'd) (holding that one waives his complaint by failing to cite to pertinent legal authority).

### *Issue Two - Use of Learned Treatise*

Appellant argues, in his second issue, that the trial court erred "in refusing to allow [him] to cross examine and confront the State's expert witness regarding [the] expert [sic] conclusions with a learned treatise pursuant to Rule 803(18) of the Texas Rules of Evidence." We overrule the issue.

Per Rule 803(18), one may impeach an expert witness with a treatise, book, or scientific journal if the witness recognizes the item as authoritative or relies on it. *Carter v. Steere Tank Lines, Inc.,* 835 S.W.2d 176, 182 (Tex. App.—Amarillo 1992, writ denied). Or, the litigant may use it if other expert testimony shows the publication to be reliable or if the trial court takes judicial notice of its reliability. TEX. R. EVID. 803(18). Here, appellant does not contend that the trial court should have taken judicial notice of the reliability of the journal he sought to use to impeach the State's expert. Nor does he contend that other expert testimony established the reliability of the treatise. Instead, he asserts that the

6

expert he intended to impeach admitted that they were, or recognized them as, reliable. Yet, the witness stated that she had not previously relied on that journal, that she "assume[d]" it was a peer review journal, that "maybe some" would rely on the journal, that it is "possible" that it is a peer review article used in the scientific community, and that "it appears to be" a professional journal. Each of these statements is equivocal. None evince certainty. Nor do any rise to the level of an admission about the reliability of the purported treatise given the equivocation of the witness. *Lee v. Lee*, 43 S.W.3d 636, 641-41 (Tex. App.–Fort Worth 2001, no pet.) (holding that to be an admission a statement must be, among other things, clear, deliberate, and unequivocal). Consequently, the trial court did not abuse its discretion in refusing to admit the evidence. *See Powell v. State,* 63 S.W.3d 435, 438 (Tex. Crim. App. 2001) (stating that appellate courts review the admission or exclusion of evidence under an abuse of discretion standard).

### *Issue Three - Error in Jury Charge*

In his third issue, appellant contends that the trial court erred "in refusing to give the instruction to the jury concerning the unlawful collection of evidence pursuant to Rule 38.23 of the Texas Code of Criminal Procedure." We overrule the issue.

According to article 38.23 of the Code of Criminal Procedure,

[i]n any case where the legal evidence raises an issue [regarding the legality of the means by which evidence was obtained], the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

TEX. CODE CRIM. PROC. ANN. art. 38.23(a) (Vernon Supp. 2003). Yet, as can be seen from the wording of the statute itself, the accused is not entitled to the instruction unless a fact

7

issue exists regarding the legality of the method used to obtain the evidence in dispute. If such an issue does not exist, then the trial court does not err in refusing to instruct the jury per art. 38.23. *Shpikula v. State*, 68 S.W.3d 212, 217 (Tex. App.–Houston [1ˢᵗ Dist.] 2002, no pet.).

Here, appellant contends that he "intensely questioned the witnesses about both the validity of the tests and the need to administer them in the proper manner." So too does he allege that he "sought to establish that probable cause did not exist with respect to Appellant's arrest . . ." and "the issue [sic] of test validity and improper administration of field sobriety tests were raised with every law enforcement witness called . . . ." Yet, merely saying that he sought to attack the validity of the arrest and aggressively questioned the witnesses about it does not mean that the record contains evidence creating a disputed fact issue regarding the validity of the arrest. Nor does appellant cite us to any evidence creating such a fact issue. Instead, he merely refers the court to argument of the State (which is not evidence) and to excerpts of his cross-examination wherein he asked about how field sobriety tests, in general, were administered.

In short, to be entitled to an art. 38.23 instruction, appellant had to do more than merely contend that he questioned the validity of his arrest; he had to illustrate to us that a fact issue existed regarding the validity of the arrest. That he did not do.

Accordingly, the judgment of the trial court is affirmed.


Brian Quinn
Justice


8

Do not publish.