

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| ROBERT DUNBAR, | § | No. 08-19-00251-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law No. 1 |
| RUBYANNE DESIGNS, LLC, | § | of Travis County, Texas |
| Appellee. | § | (TC# C-1-CV-18-011712) |
| | § | |

## MEMORANDUM OPINION

This is an appeal from the dismissal of a case pursuant to a now-superseded version of the Texas Citizens Participation Act. Appellant Robert Dunbar filed suit against Appellee RubyAnne Designs, LLC, alleging breach of a contract to design and obtain re-zoning approval for a garage apartment. RubyAnne Designs moved to dismiss, arguing that allegations that it failed to obtain approval for a building permit and failed to complete the re-zoning process invoked the TCPA's

broad protections against claims based on, relating to, or in response to a party's exercise of the right to petition. The trial court granted the motion and dismissed the case.[1]

Viewing the pleadings and evidence in the light most favorable to the non-movant, we conclude that Dunbar's legal action is based on allegations relating to alleged failures by RubyAnne Designs to perform its contractual obligations, not its actions in petitioning for a building permit or a zoning change. Accordingly, we reverse the judgment and remand for further proceedings.

**Background**

Robert Dunbar owns residential properties in Austin. He engaged RubyAnne Designs, LLC to design a two-story structure with a ground-level one-bedroom apartment, separate ground-level office, and an upstairs one-bedroom apartment. The parties also contracted for RubyAnne Designs to have the property re-zoned to permit construction at Dunbar's property on Avenue F. They later entered into another agreement for design of another apartment at Dunbar's property on Avenue D. Dunbar paid RubyAnne Designs all agreed amounts with respect to the Avenue F project, and a deposit for Avenue D.

RubyAnne Designs subsequently proposed changing the Avenue F design by replacing a kitchen with a laundry room, in order to secure approval from the City of Austin, and with the intention of eventually building the kitchen as originally planned. Dunbar disapproved, stating that he wanted the project "done properly, with everything above board." He requested that the designs for both apartments be provided to him, but he never received final designs for Avenue F, and

---

[1] This case was transferred from the Third Court of Appeals pursuant to the docket equalization efforts of the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001. We follow the precedents of the Third Court to the extent they might conflict with the precedents of this Court. TEX. R. APP. P. 41.3.

nothing for Avenue D. Dunbar eventually declared that RubyAnne Designs had breached the agreements and demanded return of his money.

Dunbar later filed this lawsuit. He alleged breach of contract because the designs for the Avenue F property did not comply with the residential building code, the building permit was not approved before he terminated the contract, and the permit that eventually was approved was based on a design expressly disapproved by him. Dunbar also alleged that RubyAnne Designs breached the Avenue D contract by failing to provide any promised work product. Based on what happened with the Avenue F property, Dunbar alleged that RubyAnne Designs had proved to be unable to perform its contractual obligations with respect to Avenue D. In addition to the contract claims, he alleged claims for promissory estoppel and for money had and received.

RubyAnne Designs moved to dismiss the lawsuit pursuant to then-applicable provisions of the Texas Citizens Participation Act (i.e. before amendments enacted by the 86th Legislature took effect on September 1, 2019). It specifically invoked the TCPA's application to a legal action that is "based on, relates to, or is in response to a party's exercise of the . . . right to petition . . . ."[2] RubyAnne Designs argued that Dunbar's claims were subject to dismissal because they "either 'relate to' or are 'in response to' RubyAnne's petitioning the City of Austin for a building permit and for a change in zoning."

In the trial court, Dunbar argued that the TCPA did not apply. While conceding the threshold application of the TCPA generally, the reason he gave for opposing the motion to dismiss

---

[2] Citizens Participation Act, 82nd Leg., R.S., ch. 341, § 2, sec. 27.003(a), 2011 Tex. Gen. Laws 961, 962 (amended 2019) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a)); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(4) (defining "Exercise of the right to petition" for purposes of the TCPA). As amended in 2019, the phrase "relates to" has been deleted from this provision. Act of May 17, 2019, 86th Leg., R.S., ch. 378, § 2, 2019 Tex. Gen. Laws 684, 685 (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 27.003(a)).

was the application of the statute's commercial-speech exemption.[3] Dunbar further argued that to the extent the TCPA was found to apply, he could establish "by clear and specific evidence a prima facie case for each essential element of the claim[s] in question."[4] In its reply, RubyAnne Designs not only noted the concession about the application of the TCPA, it also argued that Dunbar failed to establish a prima facie case by clear and specific evidence.

The trial court granted the motion to dismiss. A final judgment was entered dismissing Dunbar's claim with prejudice, and this appeal ensued.

**Analysis**

Dunbar raises three issues in his appeal challenging the dismissal of his claim. First, he argues that RubyAnne Designs failed to carry its burden of proving that its exercise of the right to petition triggered the application of the TCPA. Second, he argues that the TCPA does not apply by operation of its commercial-speech exemption. Finally, he argues that the trial court erred to the extent it concluded that he failed to establish, by clear and specific evidence, a prima facie case for each essential element of his contract claim—and that the court abused its discretion by refusing to consider his evidence in this regard. Because the first issue is dispositive of this appeal, we focus our analysis on it.

Under the applicable version of the TCPA, a motion to dismiss must show that the non-movant's "legal action" is "based on, relates to, or is in response to a party's exercise of the right

---

[3] Citizens Participation Act, 82nd Leg., R.S., ch. 341, § 2, sec. 27.010(b), 2011 Tex. Gen. Laws 961, 964 (amended 2019) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 27.010(a)(2)).

[4] TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(c) ("The court may not dismiss a legal action under this section if the party bringing the legal action establishes by clear and specific evidence a prima facie case for each essential element of the claim in question.").

of free speech, the right to petition, or the right of association."[5] RubyAnne Designs moved to dismiss this lawsuit as based on, related to, or filed in response to its exercise of the *right to petition* by filing Dunbar's application for a building permit and by seeking to have property re-zoned on his behalf. Dunbar argues that the TCPA cannot apply in this circumstance. We review de novo a trial court's ruling on a TCPA motion to dismiss.[6]

## I. Error preservation

Based on Dunbar's written and oral concessions in the trial court that, at least at the threshold, the TCPA applies to his suit, RubyAnne Designs argues that this issue has not been preserved for appeal.

In *Adams v. Starside Custom Builders, LLC*—a TCPA appeal—the Supreme Court of Texas cautioned against applying rules of error preservation "so strictly as to unduly restrain appellate courts from reaching the merits of a case."[7] The issue in *Adams* concerned whether allegedly defamatory statements related to a "matter of public concern" so as to be subject to the TCPA.[8] The court of appeals had confined its analysis to whether the defendant's statements related to the nonmovant plaintiff's services in the marketplace, explaining that an appellate argument that the statements related to community well-being had not been argued in briefs or

---

[5] Citizens Participation Act, 82nd Leg., R.S., ch. 341, § 2, sec. 27.005(b), 2011 Tex. Gen. Laws 961, 963 (amended 2019) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 27.005(b)).

[6] *Serafine v. Blunt*, 466 S.W.3d 352, 357 (Tex. App.—Austin 2015, no pet.).

[7] 547 S.W.3d 890, 896 (Tex. 2018).

[8] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(3) (defining, for purposes of the TCPA, the "[e]xercise of the right of free speech" as "a communication made in connection with a matter of public concern"); *id.* § 27.001(7) (defining "[m]atter of public concern" for purposes of the TCPA).

5

during a hearing on the motion to dismiss.[9] The Supreme Court disagreed with the intermediate appellate court's characterization of the record, noting that the community and environmental well-being were "expressly mentioned" during the hearing.[10]

RubyAnne Designs contends that this case is distinguishable from *Adams* because Dunbar expressly conceded in his response to the motion to dismiss that "RubyAnne has satisfied the initial step of the burden-shifting procedure: part of the underlying facts of this lawsuit involve its petitioning the government. Dunbar's claim 'relates to' RubyAnne's exercise of its right to petition. The Act is therefore implicated . . . ." RubyAnne Designs relies upon recent cases in which courts of appeals have found *Adams* to be inapplicable due to the appellant's failure to properly raise the issue in question in the trial court.[11]

While Dunbar did make statements in the trial court that purported to concede the threshold applicability of the TCPA, he also made other conflicting statements that challenged that notion. For example, at the hearing on the motion to dismiss, Dunbar's trial counsel stated:

> The purpose of the TCPA, as we've gone over, is both to safeguard the constitutional rights concerning government participation and balance that with right to file meritorious lawsuits.
>
> RubyAnne's statements and conduct here are not about its constitutional rights. They're about RubyAnne's duty to perform under the contract that both parties concede exists.

---

[9] *Adams v. Starside Custom Builders, LLC*, 545 S.W.3d 572, 578 n.4 (Tex. App.—Dallas 2016), *rev'd*, 547 S.W.3d 890 (Tex. 2018).

[10] *Adams*, 547 S.W.3d at 896 & n.2.

[11] *See Rossa v. Mahaffey*, 594 S.W.3d 618, 625–26 (Tex. App.—Eastland 2019, no pet.) (distinguishing *Adams* and holding issue was not raised in trial court and therefore was not preserved for review); *Staff Care, Inc. v. Eskridge Enterprises, LLC*, No. 05-18-00732-CV, 2019 WL 2121116, at *3 n.2 (Tex. App.—Dallas May 15, 2019, no pet.) (mem. op.) (distinguishing *Adams* as inapplicable when issue raised for the first time on appeal was not argued in motion to dismiss or during hearing on motion).

6

> That being the case, I don't think this is the sort of lawsuit that the TCPA intended to address. I don't think the TCPA applies to this. . . .

Although in the trial court Dunbar primarily advanced the *argument* that the TCPA did not apply because of the commercial-speech exemption, it is also plain that he raised the *issue* of whether the case is one to which the TCPA applies.[12] As clarified by the Supreme Court in *Adams*, he was not required at trial or on appeal to rely on precisely the same case law or statutory subpart that we might now find persuasive.[13] Further, the Court emphasized that "the unique language of the TCPA directs courts to decide its applicability based on a holistic review of the pleadings,"[14] that appellate review of the TCPA's applicability is de novo, and that it had not previously "cabined" its TCPA analysis to "the precise legal arguments or record references" made in the trial court about whether the TCPA applies.[15]

RubyAnne Designs also suggests that Dunbar's statements in the trial court qualify as a judicial admission. The doctrine of judicial admissions relates to factual assertions, not legal questions that ultimately must be decided by the court.[16] "The elements required for a judicial admission are: (1) a statement made during the course of a judicial proceeding; (2) that is contrary

---

[12] *See Adams*, 547 S.W.3d at 896-97.

[13] *See id*. at 896.

[14] *See id*. at 897 (quoting provision of Citizens Participation Act, 82nd Leg., R.S., ch. 341, § 2, sec. 27.006(a), 2011 Tex. Gen. Laws 961, 963 (amended 2019) (current version at TEX. CIV. PRAC. & REM. CODE ANN. § 27.006(a)), for proposition that under the prior language of the statute, "when considering a TCPA motion to dismiss, the court '*shall* consider the pleadings and supporting and opposing affidavits'").

[15] *See id*. at 897.

[16] *See, e.g.*, *Houston First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983) ("Assertions of fact, not pled in the alternative, in the live pleadings of a party are regarded as formal judicial admissions."); *In re Dillard Dep't Stores, Inc.*, 181 S.W.3d 370, 376 (Tex. App.—El Paso 2005, orig. proceeding) ("A judicial admission is a formal waiver of proof that dispenses with the production of evidence on an issue and bars the admitting party from disputing it."), *subsequent mandamus proceeding*, 186 S.W.3d 514 (Tex. 2006).

to an essential fact or defense asserted by the person making the admission; (3) that is deliberate, clear, and unequivocal; (4) that, if given conclusive effect, would be consistent with public policy; and (5) that is not destructive of the opposing party's theory of recovery."[17] "[S]tatements made by a party or his counsel in the course of judicial proceedings which are not based on personal knowledge or are made by mistake or based upon a mistaken belief of the facts are not considered judicial admissions."[18] We conclude that Dunbar's legal arguments in the trial court did not relate to any essential fact and therefore were not binding judicial admissions that now preclude his legal arguments on appeal.

We reject the various arguments that a challenge to the applicability of the TCPA has been waived. Dunbar challenged the applicability of the TCPA in the trial court, arguing that his claims are based on the failure of RubyAnne Designs to perform under the contract, not its exercise of constitutional rights, and we will now consider that argument for its substantive merit.

## II.     Legal action relating to exercise of the right to petition

The interpretation of the TCPA—and the legal question of whether the movant established by a preponderance of the evidence that the challenged legal action is covered by it—are both reviewed de novo.[19] In conducting our review, we view the pleadings, affidavits, or other evidence in the light most favorable to the nonmovant.[20]

---

[17] *In re Dillard Dep't Stores*, 181 S.W.3d at 376 (citing *Lee v. Lee*, 43 S.W.3d 636, 641 (Tex. App.—Fort Worth 2001, no pet.)).

[18] *Id*. (citing *DeWoody v. Rippley*, 951 S.W.2d 935, 946 (Tex. App.—Fort Worth 1997, writ dism'd by agr.)).

[19] *See Wendt v. Weinman & Associates, P.C.*, 595 S.W.3d 926, 928 (Tex. App.—Austin 2020, no pet.); *Serafine*, 466 S.W.3d at 357.

[20] *See Sloat v. Rathbun*, 513 S.W.3d 500, 504 (Tex. App.—Austin 2015, pet. dism'd).

Dunbar contends that the TCPA "objectively does not apply to this lawsuit." In the trial court RubyAnne Designs invoked numerous facets of the statutory definition of the "[e]xercise of the right to petition,"[21] including communication in or pertaining to "a proceeding before an entity that requires by rule that public notice be given before proceedings of that entity," "a proceeding of the governing body of any political subdivision of this state," or "a public meeting dealing with a public purpose, including statements and discussions at the meeting or other matters of public concern occurring at the meeting," as well as "a communication in connection with an issue under consideration or review by a legislative, executive, judicial, or other governmental body or in another governmental or official proceeding" or "any other communication that falls within the protection of the right to petition government under the Constitution of the United States or the constitution of this state."[22]

In response, Dunbar argues on appeal that it is "not clear" that the application for a building permit qualifies as a "proceeding" of the governing body of the City of Austin, an "issue" under consideration by the City, or a "petition" meriting constitutional protection. As RubyAnne Designs bore the burden of demonstrating the applicability of the TCPA in the trial court,[23] Dunbar further contends that the motion to dismiss should not have been granted because his contract claim was distinct from and not based on, related to, or a response to the building permit application. As he puts the argument, even if RubyAnne Designs had not "petitioned" the City at all, his contract claims would be exactly the same.

---

[21] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.001(4).

[22] *See id*. § 27.001(4)(A)(v), (A)(vii), (A)(ix), (B), (E).

[23] *See Serafine*, 466 S.W.3d at 359.

9

Having relied primarily on its waiver-based arguments, RubyAnne Designs offers little in the way of a substantive defense of the trial court's conclusion that the TCPA applied to Dunbar's claim and justified a dismissal of the case in its entirety. And it did not respond at all to the argument that even to the extent the TCPA includes within its scope potential dismissal of claims relating to a wide range of protected "petition" activity, arguably including the act of filing a building-permit application, that does not justify dismissing the case to the extent petition activity was not the factual basis for the legal action.

The resolution of this issue requires us to determine what the factual bases for Dunbar's claims are, based on the pleadings and evidence viewed in the light most favorable to him; and the extent to which these factual bases, as a matter of law, are protected expression within the TCPA's definitions.[24] Implicit in this analysis is that we do not blindly accept attempts by RubyAnne Designs to characterize Dunbar's claims as implicating protected expression.[25] To the contrary, we view the pleadings in the light most favorable to Dunbar, favoring a conclusion that his claims are not predicated on protected expression.[26]

Viewed in the light most favorable to Dunbar, his legal action was factually premised upon allegations that he entered into contracts with RubyAnne Designs to design improvements to two properties in compliance with the residential building code, and to have the Avenue F lot re-zoned. Dunbar alleged that he terminated the contracts in response to material breaches by RubyAnne Designs, which included failing to provide final plans for Avenue F and nothing for Avenue D,

---

[24] *See Sloat*, 513 S.W.3d at 504.

[25] *See id.*

[26] *See id.*

failing to design the Avenue F project in conformity with his instructions or the building code standards, and failing to obtain the Avenue F building permit. He also alleged that after terminating the contracts, he learned that the Avenue F lot had not been re-zoned. The promissory estoppel claim alleges that Dunbar relied to his detriment on promises by RubyAnne Designs to provide the designs and get the Avenue F property re-zoned. Finally, the money-had-and-received claim alleges that RubyAnne Designs holds money that "in equity and good conscience belongs to Dunbar."

In support of its motion to dismiss, RubyAnne Designs alleged that Dunbar's claims either related to or were in response to its actions petitioning the City for a building permit and for a change in zoning. But as described above, Dunbar's claims do not implicate any actions undertaken by RubyAnne to petition the City. The petition alleges failures with respect to the design, failure to obtain a permit and a zoning change as promised, and a failure to deliver plans. Nothing in Dunbar's petition purported to base a legal claim on any factual allegation relating to actions taken by RubyAnne Designs to present applications for a building permit or a zoning change. As noted by Dunbar, these claims would be the same regardless of whether or how RubyAnne Designs petitioned the City.[27] As such, the TCPA does not apply to Dunbar's claims, which are factually premised on allegations relating to the performance of obligations under two contracts, and the trial court erred by concluding otherwise. Having so concluded, we need not

---

[27] Even if we were persuaded that Dunbar's claims fairly came within the broad scope of the TCPA's protection for exercising the right to petition, that only would justify dismissing the legal action in part, to the extent it related or responded to protected conduct, but not to the extent the legal action is based on non-protected activity. *See, e.g.*, *Beving v. Beadles*, 563 S.W.3d 399, 409 (Tex. App.—Fort Worth 2018, pet. denied) (citing *Walker v. Hartman*, 516 S.W.3d 71, 81 (Tex. App.—Beaumont 2017, pet. denied)); *see also Weller v. MonoCoque Diversified Interests, LLC*, No. 03-19-00127-CV, 2020 WL 3582885, at *4 (Tex. App.—Austin July 1, 2020, no pet. h.) (mem. op.).

address Dunbar's remaining issues concerning the application of the commercial-speech exemption and whether he made a prima facie showing sufficient to avert dismissal.[28]

## Conclusion

Reviewing the grounds for TCPA dismissal de novo, and reviewing the pleadings and evidence in a light favorable to the nonmovant, we conclude the challenged legal action did not relate to and was not a response to the movant's exercise of the right to petition. Accordingly, the trial court erred by dismissing Dunbar's legal action. We reverse the judgment and remand the case for further proceedings.


               MICHAEL MASSENGALE, Visiting Justice

August 31, 2020

Before Alley, C.J., and Rodriguez, J., and Massengale, V.J.
Massengale, V.J., sitting by assignment

---

[28] *See* Tex. R. App. P. 47.1.