John Kean ROOSEVELT, Appellant,

v.

Sherre Kristine ROOSEVELT, Appellee.

No. 08–85–00035–CV.

Court of Appeals of Texas,
El Paso.

Oct. 30, 1985.
Rehearing Denied Nov. 27, 1985.

Michael R. Milligan, El Paso, for appellant.

Ralph William Scoggins, El Paso, for appellee.

Before WARD, OSBORN and SCHULTE, JJ.

## OPINION

OSBORN, Justice.

This is a divorce case in which the trial court appointed a master to hear the evidence, make and file findings of fact and conclusions of law and make recommendations to the court. The appeal challenges the appointment of a master and the court's characterization and division of property, award of child support and attorney's fees.

The first point of error asserts the trial court abused its discretion in appointing a master in chancery and in charging the master's fees against the Appellant. Rule 171, Tex.R.Civ.P., provides that the court may, in exceptional cases, for good cause appoint a master in chancery. Three days before this case was scheduled to go to trial, the court, without notice and without any hearing, on its own motion appointed a master. On the date of the hearing counsel for both parties objected to such order and the master, after making inquiry, was advised by counsel for Appellant that this was not an exceptional case.

As shown by the pleadings, the parties had been married ten years and had three minor children. As shown by the wife's inventory and appraisement filed prior to the order appointing the master, the wife claimed $15,000.00 worth of jewelry and personal items as her separate property. She also claimed $16,000.00 worth of household furnishings and fixtures as her separate property. She claimed the homestead valued at $93,000.00, stocks valued at $268,000.00, jewelry and personal effects valued at $57,000.00, retirement plans valued at $18,000.00, household furnishings and fixtures valued at $17,000.00 and certain insurance policies were all community property. She listed $15,000.00 in community debts. The parties had a substantial estate with some disputes over what was separate and what was community property and the value of certain items. Many, many divorces today involve those same issues.

The right to appoint a master under Rule 171, Tex.R.Civ.P., is not unlimited. It can be exercised only in exceptional cases, for good cause. The valuation of property having no regular market value is an exceptional case. *Mann v. Mann,* 607 S.W.2d 243 (Tex.1980). The need for a full accounting of property wrongfully taken from its rightful owner results in an exceptional case. *Texas Bank and Trust Company v. Moore,* 595 S.W.2d 502 (Tex.1980). Those cases are distinguishable.

In *Bell v. Bell,* 540 S.W.2d 432 (Tex.Civ. App.—Houston [1st Dist.] 1976, no writ), the court noted that "exceptional" is not an elastic term with the trial court the sole judge of the elasticity. Following a decision by the United States Supreme Court, the Houston court said:

> Litigants are entitled to a trial by the court in every suit, save where exceptional circumstances are shown. Congestion in itself is not such an exceptional circumstance as to warrant a reference to a master, nor the length of time a trial will take. The court further stated, in that antitrust suit, that the complexity of the issues of both fact and law is an impelling reason for trial before a regular, experienced trial judge rather than before a temporary substitute appointed on

an ad hoc basis and ordinarily not experienced in judicial work. *La Buy v. Howes Leather Co.*, 352 U.S. 249 at 260, 77 S.Ct. 309 [at 315–316], 1 L.Ed.2d 290 (1957).

■ In this case, there was no hearing by the trial court to determine if this case was exceptional and if good cause existed for the appointment of a master. Prior to the time the master heard any evidence, he was advised that the case was not exceptional and both parties objected to the appointment. If cases of unusual complexity requiring considerable length of time do not qualify as exceptional cases, as held in the *La Buy* case, then this case is not exceptional.

■ Neither do we find "good cause"— meaning a substantial reason. The order appointing the master does not recite that the court found good cause, and since there was no hearing there were no facts developed which would constitute a basis for such a determination. *See: Creglar v. Hyde*, 280 S.W.2d 783 (Tex.Civ.App.—Waco 1955, writ ref'd n.r.e.).

■ Not only was the court not authorized to appoint a master without a hearing and determination, based upon the evidence, that the case was exceptional and good cause did exist, but certainly it was not authorized to charge the master's fee to a party who objected and correctly said the case was not exceptional. We sustain Point of Error No. One.

The Appellant asserts in his fourth point of error that the trial court's findings in its characterization of certain property are against the great weight and preponderance of the evidence. In particular, the complaint is made of the trial court's award to Mrs. Roosevelt of all of her jewelry as separate property. Prior to trial, the Appellee filed a sworn inventory and appraisement in which she listed twenty-nine items of jewelry with a value of $15,174.00 as her separate property. She also listed eighteen items of jewelry with a value of $32,875.00 as community property. It would appear that as to those items which were listed as community property the sworn inventory and appraisement was a judicial admission as to the characterization of that property which would be accepted as true by the court and binding upon the party making it. Ray, 1A Texas Law of Evidence, sec. 1127 (1980); 35 Tex.Jur.3d, Evidence sec. 245 (1984). This rule was discussed at length by Justice Norvell in *United States Fidelity & Guaranty Co. v. Carr*, 242 S.W.2d 224 (Tex.Civ.App.—San Antonio 1951, writ ref'd). In that opinion it was pointed out that the rule by which a party's recovery in a law suit is barred by his own testimonial declarations is one of public policy and that it would be absurd and manifestly unjust to allow a party to recover contrary to his clear and unequivocal sworn assertions.

■ A judicial admission establishes the issue in dispute as a matter of law in behalf of the adversary of the one making such admission. *Valdes v. Moore*, 476 S.W.2d 936 (Tex.Civ.App.—Houston [14th Dist.] 1972, writ ref'd n.r.e.). While proof was offered on certain of the more valuable items listed as separate property to show that they were in fact separate property, no evidence was offered to establish that all those items listed as community property were in fact separate property, and such evidence would not have been admissible, with a proper objection, in view of the judicial admission that those listed items were community property. While counsel for the Appellant indicated that he might have had no objection to Mrs. Roosevelt receiving all of her jewelry, he never indicated that it should be classified as separate property rather than partly separate and partly community as shown in the inventory and appraisement. We sustain that part of Point of Error No. Four which complains about the trial court's erroneous characterization of the wife's jewelry.

■ The twelfth point of error asserts that the award to the Appellee of $7,500.00 for reasonable attorney's fees is against the great weight and preponderance of the evidence. The Appellee acknowledges that the evidence is insufficient to support the

award and we sustain Point of Error No. Twelve.

The Appellant contends in Point of Error No. Eleven that the trial court abused its discretion in making an unjust, unfair and unequal division of the property. We conclude that since some of the property was mischaracterized, and this materially affects the division of the property, the case must be reversed and remanded for a new trial. *Jacobs v. Jacobs*, 687 S.W.2d 731 (Tex.1985). It is unnecessary for us to pass upon certain other points which complain about the findings of the court and the characterization of certain other properties. Our conclusion not to pass upon those points should not be taken as a determination of those issues.

There is no complaint about the granting of the divorce. That part of the court's judgment is affirmed and severed from the other issues in the case. The case is remanded to the trial court for a determination of all other issues. The trial court is directed to enter an order requiring repayment to the Appellant of all sums heretofore paid by the Appellant to the master. The Appellee has no complaint concerning those fees which she was directed to pay to the master. Except as to the granting of the divorce, the case is remanded for a new trial.