## Joseph H. LEE, III, Virginia K. Lee and Patricia Lee Barrow, Appellants,

### v.

## Opal LEE, In Her Capacity as Temporary Administrator of the Estate of Dale T. Lee, Deceased, Appellee.

### No. 2–00–044–CV.

Court of Appeals of Texas, Fort Worth.

March 22, 2001.

Publication Ordered April 26, 2001.

Matthew W. Plummer, Sr., Houston, for Appellant.

Shannon, Gracey, Ratliff & Miller, L.L.P., M. Keith Branyon, Joseph W. Spence, Steven J. Graham, Fort Worth, for Appellee.

Panel A: CAYCE, C.J.; HOLMAN, J. and RICHARDS, J. (Sitting by Assignment).

## OPINION

RICHARDS, Justice.

### Introduction

Appellants Joseph Lee, Virginia Lee, and Patricia Lee Barrow appeal from the probate court's grant of summary judgment in favor of Appellee Opal Lee, temporary administrator of the estate of Dale Lee.[1] In three issues, appellants contend that: (1) the trial court erred in striking appellants' summary judgment evidence; (2) the trial court erred in granting appellee's motion for summary judgment on the basis of an alleged judicial admission; and (3) appellee's summary judgment motion

---

1. Summary judgment was also entered against Savings of America, Inc., who also appealed. However, before the case was submitted for consideration, appellee and Savings of America settled, and Savings of America's appeal was dismissed.

failed to overcome the legal presumption that decedent acted without fraud. We will affirm.

## Statement of Facts

Appellants are the nieces and nephew of decedent. Decedent purchased a certificate of deposit in the name of "Dale T. Lee (Trustee) For Patricia Lee Barrow" on February 15, 1984. He bought a second CD bearing the name "Dale Timothy Lee Trustee For Joseph H. Lee III" on February 16, 1988. A third CD was purchased by decedent on August 21, 1995 for Virginia K. Lee.[2] Decedent died intestate on March 13, 1997. Thereafter, appellee, decedent's widow, was named as temporary administrator of his estate.

Appellee sent a letter to Savings of America, Inc. ("SOA"), the bank at which the CDs were held, informing them that the three CDs were bought with community property without her consent or knowledge. She also instructed SOA to not release any funds from the accounts to the appellants. Despite this letter, SOA distributed the account funds to the appellants. Appellants never informed appellee that they withdrew the money from the accounts.

Appellee filed the "Inventory, Appraisement, and List of Claims" with the probate court on July 16, 1998. The three CDs at issue were listed on the Inventory as community property. At the time of filing the Inventory, appellee did not know that the three accounts had been closed. The probate court held a hearing on January 13, 1999, to approve the Inventory. At this hearing, appellee agreed to change the characterization of two pieces of real property unrelated to this case. Appellants agreed that after the amended inventory

was filed, reflecting only the changes to the unrelated real property, it could be approved by the court. Appellants neither objected to the CDs being listed as community property nor informed the court that the accounts had been closed. The amended inventory was filed on January 25, 1999 and approved on February 12, 1999.

After the inventory was approved, appellee discovered that the CDs had been cashed. She then filed suit, on behalf of the estate, against appellants to recover the money. Appellee moved for summary judgment on the sole ground of judicial admission, claiming that appellants had agreed to the characterization of the CDs as community property during the estate inventory hearing. Summary judgment was entered against appellants, and they appealed.

## Standard of Review

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c); *Calvillo v. Gonzalez,* 922 S.W.2d 928, 929 (Tex.1996); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *Friendswood Dev. Co. v. McDade + Co.,* 926 S.W.2d 280, 282 (Tex.1996); *Cate v. Dover Corp.,* 790 S.W.2d 559, 562 (Tex. 1990); *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must

2. The certificate payable to Virginia Lee could not be located, but its similar characterization was not questioned.

view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Great Am.*, 391 S.W.2d at 47.

In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence are disregarded and the evidence favorable to the nonmovant is accepted as true. *Harwell v. State Farm Mut. Auto. Ins. Co.*, 896 S.W.2d 170, 173 (Tex.1995); *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex. 1984). Evidence that favors the movant's position will not be considered unless it is uncontroverted. *Great Am.*, 391 S.W.2d at 47.

The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of the movant's cause of action as a matter of law. *City of Houston*, 589 S.W.2d at 678. This court can affirm a summary judgment only upon the grounds raised in the motion for summary judgment. *See Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex.1993).

### Summary Judgment Evidence

■ In their first issue, appellants argue that the trial court erred in striking their summary judgment evidence because it was not defective and should have been given full consideration by the court. The evidence in question consists of bank documents attached to appellants' response to appellee's motion for summary judgment, the affidavit of appellants' counsel, and the deposition testimony of appellee.

Appellee's deposition testimony was incorporated into appellants' response to appellee's summary judgment motion. Appellee objected to this evidence on hearsay grounds. In its order granting summary judgment, the trial court explicitly sustained appellee's objections to the bank documents and counsel's affidavit, but it did not rule on this particular objection.

Absent any adverse ruling, we do not address appellant's arguments with respect to appellee's deposition testimony. We will consider issue one only as it relates to the exhibits and affidavit that were actually struck by the trial court.

Appellants complain that bank documents, labeled as Exhibits A, A–1, and A–2, all of which were attached to counsel's affidavit, were improperly stricken by the trial court. Exhibit A is the affidavit of the custodian of records of SOA establishing the predicate for the business records exception. *See* Tex.R. Evid. 803(6). Exhibits A–1 and A–2 are documents from SOA showing the names listed on two of the accounts at issue. Appellee objected to these documents because they were not sworn or certified copies as required by Rule 166a(f).

■ Rule 166a(f) of the rules of civil procedure states that "[s]worn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith." Tex.R. Civ. P. 166a(f). The failure to attach copies which have been sworn or certified constitutes a defect in the substance of the affidavit. *Gorrell v. Texas Util. Elec. Co.*, 915 S.W.2d 55, 60 (Tex.App.—Fort Worth 1995, writ denied).

Because Exhibits A, A–1, and A–2 were not sworn or certified copies, the trial court properly struck them from the evidence. We also note, however, that these same documents were properly considered by the trial court as competent summary judgment evidence because they were correctly attached to appellee's motion for summary judgment. *See* Tex.R. Civ. P. 166a(c).

Appellants also urge that the trial court erred in striking their counsel's affidavit in response to appellee's objection that it was not competent summary judgment proof.

Appellee's objection was based on the fact that the affidavit alleged that the contents were "true and correct to the best of my knowledge and belief."

■ Affidavits which are based on the affiant's best knowledge and belief do not meet the strict requirements of Rule 166a. *Ryland Group, Inc. v. Hood,* 924 S.W.2d 120, 122 (Tex.1996); *Lightfoot v.. Weissgarber,* 763 S.W.2d 624, 628 (Tex.App.—San Antonio 1989, writ denied). Therefore, these affidavits constitute no evidence. *Hall v. Stephenson,* 919 S.W.2d 454, 466 (Tex.App.—Fort Worth 1996, writ denied). Because counsel's affidavit was based on facts to the best of his knowledge and belief, the trial court acted properly in striking it.[3] We overrule appellants' first issue.

### Community Property

■ In their second issue, appellants contend that the trial court erred in granting summary judgment on the basis that statements made by their counsel concerning the inventory of the estate assets constituted judicial admissions, that is, that the CDs were community property.

■ According to the family code, property possessed by either spouse on dissolution of marriage is presumed to be community property. TEX. FAM.CODE ANN. § 3.003(a) (Vernon 1998). This presumption applies to dissolution by death as well as divorce. *Smith v. Lanier,* 998 S.W.2d 324, 331 (Tex.App.—Austin 1999, pet. denied). The burden of overcoming this presumption is on the party asserting that the asset in question is outside of the community estate. *Licata v. Licata,* 11 S.W.3d

269, 272–73 (Tex.App.—Houston [14th Dist.] 1999, pet. denied).

Appellants admit that the CDs were purchased with community funds, but argue they are not community property of the estate. According to their argument, because the CDs were part of the decedent's sole management community property, he could give it to his nieces and nephew if he wished, as long as the gifts did not constitute fraud on the community. However, this argument is defeated if appellants' counsel did make a judicial admission that the CDs were part of the community estate.

■ A judicial admission is a formal waiver of proof that dispenses with the production of evidence on an issue and bars the admitting party from disputing it. *Dowelanco v. Benitez,* 4 S.W.3d 866, 871 (Tex.App.—Corpus Christi 1999, no pet.). As long as the statement stands unretracted, it must be taken as true by the court and jury; it is binding on the declarant and he cannot introduce evidence to contradict it. *Smith v. Altman,* 26 S.W.3d 705, 709 (Tex.App.—Waco 2000, pet. dism'd w.o.j.). This rule is based on the public policy that it would be unjust to permit a party to recover after he has sworn himself out of court by a clear, unequivocal statement. *Dowelanco,* 4 S.W.3d at 871. Counsel's statements on behalf of a client may serve as judicial admissions. *In re M.M.O.,* 981 S.W.2d 72, 84 (Tex.App.—San Antonio 1998, no pet.). The elements required for a judicial admission are: (1) a statement made during the course of a judicial proceeding; (2) that is contrary to an essential fact or defense asserted by the person making the admission; (3) that is deliberate, clear, and un-

---

**3.** Appellants argue that although the inclusion of the above phrase rendered the affidavit incompetent as summary judgment evidence, it should still have been considered because the affiant was a licensed attorney and it was filed with formal pleadings. No supporting authority is cited by appellant in support of this argument.

equivocal; (4) that, if given conclusive effect, would be consistent with public policy; and (5) that is not destructive of the opposing party's theory of recovery. *Id.*

In this case, appellants' counsel stated that he had no objections to the amended inventory of the estate being filed, which listed the CDs as community property. Appellants neither challenged the amended inventory nor asked the trial court to reconsider it. During the hearing to approve the inventory, the trial court asked appellants' counsel if he agreed "that once [appellee's counsel] has filed the amended inventory showing the modifications as agreed upon here today [concerning two pieces of real property], that the Court may go ahead and approve the inventory?" Counsel responded, "I do, Your Honor." This statement, when read in context of the hearing, is a clear and unequivocal approval of the inventory and the characterization of the CDs as community property. This is contrary to appellants' defense in this case that the accounts were given to them by decedent, and therefore, were not part of the community property estate. The statement does not destroy, but in fact supports, appellee's theory of recovery. Likewise, holding that this statement is a judicial admission supports the public policy stated above. We therefore overrule appellants' second issue.

### Fraud on the Community

▇▇▇▇▇▇ In their third issue, appellants contend that the trial court erred in granting summary judgment because appellee's motion failed to overcome the legal presumption that decedent acted without fraud in making a gift of community assets.[4]

▇▇▇▇ We have already concluded that appellants judicially admitted that the CDs were community estate property. Absent a showing that the property is outside of the community estate, the issue of fraud on the community never arises. *See Zieba v. Martin,* 928 S.W.2d 782, 789 (Tex. App.—Houston [14th Dist.] 1996, no writ) (holding that presumption of constructive fraud arises where one spouse disposes of the other's one-half interest in community property without the other's knowledge or consent). We overrule appellants' third issue.

### Conclusion

Having overruled all of appellants' issues, we affirm the trial court's judgment.

▇▇▇▇▇▇

---

4. Appellants correctly argue that a spouse may make moderate gifts for just causes to persons outside the community. *See Osuna v. Quintana,* 993 S.W.2d 201, 209 (Tex.App.— Corpus Christi 1999, no pet.). However, there is no evidence that the decedent intended to make a gift of the CDs. *See Dorman v. Arnold,* 932 S.W.2d 225, 227 (Tex.App.—Texarkana 1996, no writ) (stating that the person claiming a gift was made must establish by clear and convincing evidence: (1) intent to make a gift; (2) delivery of the property; and (3) acceptance of the property, with the intent of the donor being the principal issue in determining whether a gift has been made). The CDs were in the decedent's name, were revocable by him at any time, and there was no language or intent showing appellants held any rights of survivorship. Hence, appellants did not meet their burden of establishing the CDs were gifted to them by the decedent.