**Affirmed and Opinion Filed January 11, 2023**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00960-CV**

**JOHN SAKYI, Appellant**
**V.**
**ABENA FOSUA SAKYI, Appellee**

**On Appeal from the 256th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DF-19-16018**

## MEMORANDUM OPINION

Before Justices Carlyle, Garcia, and Rosenberg[1]
Opinion by Justice Rosenberg

John Sakyi (Husband) appeals the property division in the divorce decree terminating his marriage to Abena Fosua Sakyi (Wife). In one issue, he contends the trial court erred by divesting him of his separate property, an interest in the parties' marital home. Concluding that Husband judicially admitted that the interest is community property, we affirm the trial court's judgment. Because all issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.4.

---

[1] The Hon. Barbara Rosenberg, Justice, Assigned

## BACKGROUND

In 2006, Husband and Wife purchased a home in Cedar Hill, Texas as their marital residence (the Property). The year before the purchase, Husband and Wife had participated in a wedding ceremony in Ghana. It was later discovered, however, that Wife's divorce from another individual named Ian Joseph was not final until 2007.

Wife filed her initial petition for divorce on August 15, 2019. In her petition, she alleged that the parties were married on January 13, 2011. Husband filed an original counterpetition for divorce alleging that the parties were married on December 24, 2005. Both parties alleged that they stopped living together as husband and wife in October 2018.

Husband specially excepted to Wife's petition, alleging that she incorrectly identified the parties' marriage date. In her first amended petition, however, Wife continued to allege that the parties were married on January 13, 2011.

In June, 2020, Husband sought leave to amend his pleadings, arguing that Joseph was a necessary party "due to his interest in the marital property." In the motion, Husband alleged that his counsel received confirmation that Wife and Joseph were married in 2003 and were still married when Wife and Husband married in 2005. Husband pleaded that he and Wife purchased real property in 2006 while Wife was still married to Joseph, and that Wife and Joseph were not divorced until 2007.

Husband also moved for a continuance of the trial date, arguing that "the marital estate cannot be properly traced" due to Wife's overlapping marriages, and requesting additional time for discovery. When the trial court denied Husband's motions, Husband sought mandamus relief in this Court. *In re Sakyi*, No. 05-20-00574-CV, 2020 WL 4879902, at *2 (Tex. App.—Dallas Aug. 20, 2020, orig. proceeding) (mem. op.).

We granted mandamus relief in part, concluding that the trial court's order denying Husband's June 2, 2020 request for continuance was an abuse of discretion. *See id.* at *3. We explained that "the discovery sought is central to the underlying divorce suit since [Wife's] marriages, if overlapping, may affect the determination of what property is in the marital estate at issue and raise equitable considerations of possible fraud." *Id.* at *4. We cited affidavit testimony of Husband's attorney that she discovered the overlapping marriage dates the week of May 25, 2020, and used diligence in attempting to obtain relevant evidence. *Id.* We concluded the trial court abused its discretion by denying Husband's motion for continuance "because the discovery [Husband] seeks goes to the heart of what property belongs in the marital estate."[2] *Id.* On August 20, 2020, we conditionally granted the writ in part, directing

---

[2] Husband alleged that discovery about the overlapping marriages was critical because Wife was married to Joseph at the time the parties purchased the Cedar Hill residence, and Joseph purchased four additional properties during the two-year period when the marriages overlapped. *See In re Sakyi*, 2020 WL 4879902, at *2.

–3–

the trial court to vacate its denial of the June 2, 2020 motion for continuance, *id.* at *5, and the trial court complied.

In his operative pleading filed on March 15, 2021, Husband continued to allege that the parties were married on December 24, 2005, but he added that he was "induced by [Wife's] fraud, duress or force" into marriage on that date.[3] He pleaded for an annulment, or in the alternative, for a divorce. The case proceeded to trial on April 21, 2021.

Husband and Wife each filed an inventory and appraisement that was admitted as an exhibit at trial. Each party's inventory began with the heading "Community Estate of the Parties." Each party listed the Property as the first item under this heading. Husband made no objection to either exhibit.

Similarly, Husband's proposed property division admitted as Exhibit R-2 lists the Property under "Community Property–Real Property & Real Estate." And in his summary of requested relief admitted as Exhibit R-1, Husband asserted that he should be awarded the Property in its entirety.

Wife offered evidence that the Property was purchased in 2006, and she testified that both her name and Husband's were on the deed. She explained, however, that the original mortgage loan was in her name, as was all subsequent refinancing. The last modification to the loan had been made in 2017. She testified

---

[3] At trial, Husband clarified that he sought to annul a 2005 marriage that took place in Ghana, not the 2011 marriage that took place in the United States. His fraudulent inducement claims were related only to the marriage in Ghana.

–4–

that Joseph, her former spouse, did not have any claim to any of the property to be divided by the trial court: the Property had never been deeded to Joseph, he was not a party to any of the loan modifications, she never bought property with Joseph, and she never gave any of Husband's property to Joseph.

Wife testified that the Property was a community property asset. She requested that the Property should be sold and the proceeds divided seventy percent to her and thirty percent to Husband, explaining that she was the primary breadwinner in the marriage and had to liquidate her retirement account in order to pay community debts.

Husband conceded that Wife "was responsible for the mortgage" on the Property. He made no claim to any separate property interest in the Property at trial.

In a memorandum to the parties, the trial court ruled that the 2005 marriage ceremony was void because Wife was married to Joseph at the time. The court further found that the parties' marriage became valid when they "renewed" their vows in 2011. The court divided the community property based on the evidence presented at trial. The court noted that "the most hotly contested asset is the marital home," and "to reach a just and right division of the property the home is granted 100% to the wife as her sole and separate property." Accordingly, the court's subsequent decree awarded the Property to Wife as her portion of the parties' "marital estate."

In a motion for new trial, Husband argued for the first time that as a tenant in common when the Property was purchased, he held a separate property interest that the trial court could not divest. The trial court denied Husband's motion, and this appeal followed.

## ISSUE AND STANDARD OF REVIEW

In his sole issue, Husband contends the trial court erred by divesting him of his separate property. Husband argues it is undisputed that the parties were not married until January 13, 2011; they initially purchased the home in 2006 as tenants in common; the inception-of-title rule mandates that each party's property interest be deemed separate because it was acquired before marriage; and any subsequent refinancing after marriage did not change the property's character. He then argues that the property was separate and he was denied his separate share of the Property.

"When reviewing an alleged property characterization error, we must determine whether the trial court's finding is supported by clear and convincing evidence and whether the characterization error, if established, was an abuse of discretion." *Sink v. Sink*, 364 S.W.3d 340, 343 (Tex. App.—Dallas 2012, no pet.). In family law cases, the traditional sufficiency standard of review overlaps with the abuse of discretion standard of review; therefore, legal and factual insufficiency are not independent grounds of error but are relevant factors in our assessment of whether the trial court abused its discretion. *See Chavez v. Chavez*, 269 S.W.3d 763, 766 (Tex. App.—Dallas 2008, no pet.); *Anwar v. Kausar*, No. 05-21-00756-CV,

2022 WL 4462704, at *1 (Tex. App.—Dallas Sept. 26, 2022, no pet.) (mem. op.). When the burden of proof at trial is by clear and convincing evidence, we apply a higher standard of legal and factual sufficiency review. *Chavez*, 269 S.W.3d at 766. Clear and convincing evidence is defined as that "measure or degree of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the truth of the allegations sought to be established." TEX. FAM. CODE ANN. § 101.007.

## DISCUSSION

Under Texas law, property possessed by either spouse during or upon dissolution of the marriage is presumed to be community property. *Sink*, 364 S.W.3d at 344. To overcome the community property presumption, the burden is on the spouse claiming certain property is separate to trace and clearly identify the property claimed to be separate by clear and convincing evidence. *Id.* A spouse's separate property includes property owned by the spouse prior to marriage or acquired by the spouse during marriage by gift, devise, or descent. TEX. FAM. CODE ANN. § 3.001. A trial court has no authority to divest a spouse's interest in separate property. *Eggemeyer v. Eggemeyer*, 554 S.W.2d 137, 140 (Tex. 1977) ("The nature of property is fixed by the Texas Constitution, and not by what is 'just and right.'"). However, a separate property claim is waivable. *Peck v. Peck*, 172 S.W.3d 26, 31–

32 (Tex. App.—Dallas 2005, pet. denied).[4] And one of those waivers can occur because of a judicial admission. *Id.*

A judicial admission is a formal waiver of proof that dispenses with the production of evidence on an issue. *Peck*, 172 S.W.3d at 31 (Tex. App.—Dallas 2005, pet. denied) (citing *Lee v. Lee,* 43 S.W.3d 636, 641 (Tex. App.—Fort Worth 2001, no pet.)). A judicially admitted fact is established as a matter of law, and the admitting party may not dispute it or introduce evidence contrary to it. *Id.* (citing *Lee*, 43 S.W.3d at 641, *Dutton v. Dutton,* 18 S.W.3d 849, 853 (Tex. App.—Eastland 2000, pet. denied), and *Roosevelt v. Roosevelt,* 699 S.W.2d 372, 374 (Tex. App.—El Paso 1985, writ dism'd)). This rule is based on the public policy that it would be absurd and manifestly unjust to permit a party to recover after he has sworn himself out of court by a clear and unequivocal statement. *Id.* (citing *U.S. Fid. & Guar. Co. v. Carr,* 242 S.W.2d 224, 229 (Tex. Civ. App.—San Antonio 1951, writ ref'd), *Lee,* 43 S.W.3d at 641, and *Roosevelt,* 699 S.W.2d at 374).

Five conditions must have occurred for a party's admission to be conclusive against him: (1) the declaration relied upon must have been made in the course of a judicial proceeding; (2) the declaration was contrary to an essential fact embraced in the theory of recovery or defense asserted by the party; (3) the statement was

---

[4] In *Palau v. Sanchez*, No. 03-08-00136-CV, 2010 WL 4595705, at *14 n.13 (Tex. App.—Austin Nov. 10, 2010, pet. denied) (mem. op.), the court collected cases for the proposition that "there are many instances in which a separate-property claim may be waived or barred without violating legal principles," citing, among other authority, this Court's opinion in *Peck*, 172 S.W.3d at 31–32.

–8–

deliberate, clear, and unequivocal; (4) giving conclusive effect to the declaration would not run contrary to public policy; and (5) the declaration related to a fact upon which a judgment for the opposing party was based. *Id.* (citing *U.S. Fid. & Guar. Co.,* 242 S.W.2d at 229, and *Lee,* 43 S.W.3d at 641–42).

These requirements are met here. Husband's "Inventory and Appraisement" was admitted at trial as Wife's Exhibit 5.[5] Husband's own inventory and appraisement showed his characterization of the Property as community. He offered no evidence or argument to the contrary. In fact he requested that the Property be awarded in its entirety to him as a just and right division of the community, rather than contending the parties held separate property interests in the Property.[6] His characterization of the Property as community in the judicial proceeding is an admission contrary to his argument in his motion for new trial and on appeal that he holds a separate property interest in the Property. It was deliberate, clear, unequivocal, and made with the assistance of counsel. Giving conclusive effect to Husband's admission would not run contrary to public policy; as in *Peck*, Husband "has sworn himself out of court by a clear and unequivocal statement." *See Peck*, 172 S.W.3d at 31. And his admission supports the trial court's judgment awarding

---

[5] Wife's inventory and appraisement was admitted into evidence as Wife's Exhibit 4 and also listed the Property as part of the community estate. Husband did not challenge Wife's characterization of the Property.

[6] In his proposed property division, included in the record as Respondent's Exhibit 2, he listed the Property as the first item under "Community Property," and did not include it in the "Separate Assets" section.

the Property to Wife as part of a just and right division of the parties' marital estate. *See id.*

Husband made no assertion that he held a separate property interest in the Property until after the trial court rendered the divorce decree. As in *Peck*, only then did Husband claim a separate property interest in a motion for new trial. *See id.* at 31–32. Husband argues that until the court's ruling, both parties were uncertain about the valid date of their marriage, so any assumption he held before that date about the validity of the marriage when the Property was purchased was "nothing more than a guess," too uncertain to constitute a judicial admission. He cites *Blair v. Blair*, 642 S.W.3d 150 (Tex. App.—El Paso 2021, no pet.), in support of his argument. In *Blair*, the court concluded the husband had not judicially admitted that a plot of real property was community property where the husband was "clearly confused" by a compound question posed by the wife's counsel. *Id.* at 160 ("we cannot eliminate the possibility that Husband may have been confused" when he claimed that a different plot of property on the same road was his only separate property). Further, the husband later clarified that he was claiming the property in question as separate. *Id.* at 161. Here, there was no such confusion. There was only one piece of real property at issue, and Husband consistently asserted that it belonged to the community.

Further, long before trial, Husband was aware of the facts to support a claim that he held a separate property interest. He sought mandamus relief in this Court to

–10–

obtain discovery we described as "central to the underlying divorce suit since [Wife's] marriages, if overlapping, may affect the determination of what property is in the marital estate." *In re Sakyi*, 2020 WL 4879902, at *4. He also sought to have the 2005 marriage annulled based on Wife's alleged fraud in failing to disclose her marriage to Joseph. Regardless, he never made a claim—even in the alternative—of any separate property interest in the Property. Instead, he made an unequivocal statement that the Property was community property.

Because Husband judicially admitted the Property was community property during trial, the issue was conclusively proven, and Husband was barred from asserting otherwise. *Peck*, 172 S.W.3d at 32. We conclude the trial court did not err by characterizing the Property as community property and awarding it to Wife in the decree. *See id.* We decide Husband's sole issue against him.

CONCLUSION

The trial court's final decree of divorce is affirmed.

/Barbara E. Rosenberg/
BARBARA ROSENBERG
JUSTICE, ASSIGNED

210960f.p05

–11–



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHN SAKYI, Appellant

No. 05-21-00960-CV      V.

ABENA FOSUA SAKYI, Appellee

On Appeal from the 256th Judicial District Court, Dallas County, Texas Trial Court Cause No. DF-19-16018. Opinion delivered by Justice Rosenberg. Justices Carlyle and Garcia participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee Abena Fosua Sakyi recover her costs of this appeal from appellant John Sakyi.

Judgment entered this 11th day of January, 2023.