David **TURNER** and Carol W. Turner, Appellant,

v.

Doyle I. **CONRAD**, Appellee.

No. 18465.

Court of Civil Appeals of Texas, Fort Worth.

June 4, 1981.

Rehearing Denied July 16, 1981.

Shannon, Gracey, Ratliff & Miller and David E. Keltner and Billy R. Jones, Fort Worth, for appellant.

McGown, Godfrey, Decker, McMackin, Shipman & McClane and John B. McClane, Fort Worth, for appellee.

## OPINION

MASSEY, Chief Justice.

David Turner and his wife Carol brought suit for damages because of breach of implied warranty flowing from their purchase of real estate (with improvements thereon) from Doyle I. Conrad. After Turners' depositions were taken Conrad moved for summary judgment. Motion was granted and summary judgment entered. Therefrom the Turners have appealed.

We affirm.

Hearing was held after the Turners' amended petition was on file. Alleged therein was their purchase on or about February of 1977 of a lot and home thereon at 3600 Edgehill Road in Fort Worth, Texas. Purchase was from Conrad, who had acquired the same as a used dwelling to be refurbished, remodeled and resold. Part of this activity was the construction of a retaining wall alongside the driveway. This was alleged to have been a circular driveway with brick wall supporting the uphill grade. After the Turners had resided at the premises a little over two years a portion of the brick wall collapsed. Alleged was that the wall had not been properly reinforced and had not been constructed with sufficient materials to allow it to withstand the pressure of the earth above it. The only damage resultant was to the physical premises itself; no third-party personal injury resulted and no other property was damaged.

The Turners, in addition to their theory of Conrad's liability under implied warranty of fitness and theory of liability under implied warranty of workmanlike performance, plead that Conrad was liable under theory of negligent tort. We forego discussion on the tort theory because the circumstances of the case does not permit recovery under such, and the Turners' remedy, if any, must be by the law relating to contracts. The Turners also plead liability on the part of Conrad under the Deceptive Trade Practices—Consumer Protection Act, Tex.Bus. & Comm.Code Ann. § 17.41 et seq. (Supp. 1980–81). By time of submission of

the case to this court there was concession by the Turners that there was not a right to recover thereunder. We forego discussion under the theory.

Thus narrowed, the questions posed are under theories predicated upon existence of implied warranty. In such aspect it is to be recognized that the loss occasioned to the Turners was purely economic: cost to reconstruct the wall, cost to make a wall which conformed to that the Turners expected to receive when they purchased the premises, difference in value of that received as compared with that which should have been received, etc.

It is the Turners' contention that the view which should be taken of the retaining wall which collapsed is that it was a "new structure", in addition to the old remodeled and refurbished dwelling located on the same land. Further, that the same was delivered as such as a part of the consideration for the sales price; that as applied thereto Conrad was a "builder-vendor" of this new structure, with attendant responsibility to his vendee (the Turners) for his good and sufficient workmanlike performance in its erection under theory of implied warranty, plus, or in the alternative, that Conrad was liable under the implied warranty of fitness. Authorities cited include *Humber v. Morton*, 426 S.W.2d 554 (Tex. 1968); *Moore v. Werner*, 418 S.W.2d 918 (Tex.Civ.App.—Houston [14th Dist.] 1967, no writ); and *Richman v. Watel*, 565 S.W.2d 101 (Tex.Civ.App.—Waco), *aff'd*, 576 S.W.2d 779 (Tex.1978). Should we agree with the applicability of implied warranty then, and only then, would we have a case presented posing fact issues to be tried on the matter of its breach. We do not so agree.

In the parties' written contract upon which they acted in consummation, and in evidence before the court for purposes of consideration at the hearing, was the provision, as follows:

"7. PROPERTY CONDITION—Buyer accepts the Property in its present condition, subject only to lender required repairs and the following: Seller at seller's expense agrees to install gas connections vented & 220 plug for dryer and 220 plug for washer in utility area."

By written addendum to the foregoing, also being a part of the contract subsequently consummated by deed execution and delivery, was contractual language, as follows:

"Failure to do so (to inspect or have inspected) shall be deemed a waiver of Buyer's inspection and repair rights and Buyer agrees to accept Property in its present condition."

The only part of the contracts of the parties which might be material to the questions posed on appeal are set out in that copied hereinabove.

The retaining wall which collapsed was constructed by Conrad for his own benefit in that, while he at all times intended to sell the "house and lot", he constructed the wall as an improvement to the premises to serve as an aid to obtain a purchaser at the price desired.

We do not consider the Tex.Bus. & Comm.Code Ann. to have any application to this case. However, it is contended that it does. That it be obvious of our attention we mention that where it applies the trial court is vested with the responsibility to test contractual clauses to see that those sought to be enforced were so conspicuous that a reasonable person against whom they are sought to be operative ought to have noticed them. The trial court did justifiably deem the clause we have copied to satisfy any requirement that they be conspicuous if that be deemed of importance.

Implied warranties are not applicable in cases coming under the code where the article sold is "used". Even assuming, however, that implied warranties would be applicable in the sale of real estate with a used home constructed thereon, in the absence of express warranties (which superseded implied warranties) the applicability of any implied warranties would likewise be without force and effect if the parties should contract by agreements like "as is", "with all faults", or other language which in common understanding calls the buyer's attention to the exclusion of warranties and

makes plain that there is no implied warranty.

As applied to articles of commerce contemplated by the code this principle of law has been spelled out by the provisions of Tex.Bus. & Comm.Code Ann., art. 2.316(c)(1), "Exclusion or Modification of Warranties" (1968). Thereunder is stated, as follows:

"[U]nless the circumstances indicate otherwise, all implied warranties are excluded by expressions like 'as is', 'with all faults', or other language which in common understanding calls the buyer's attention to the exclusion of warranties and makes plain that there is no implied warranty."

The foregoing provision was the subject of a test of applicability in the case of *Mid-Continent Aircraft Corporation v. Curry County Spraying Service, Inc.*, 572 S.W.2d 308 (Tex.1978). The property purchased was a used aircraft. The Supreme Court made it clear that all warranties, otherwise applicable, are eliminated with an "as is" disclaimer, specifically referring to the implied warranties or merchantability and fitness by the Tex.Bus. & Comm.Code Ann. art. 2.316(c)(1) (1968).

It is as applied to personalty, in the main, that the development of law has been such that the doctrine of *caveat vendor* had supplanted the former doctrine of *caveat emptor* so that one who sells personalty oftentimes does so at this peril and sometimes finds himself legally liable to his purchaser under existent law for the same act or omission to act which in former years would be the risk imposed upon the purchaser. Though there has been an extension of the *caveat vendor* doctrine into the realty area where new homes or structures erected thereon are conveyed with the land the same has not been true in an instance where other than a new home or structure (as the principal if not the only subject matter conveyed) is the subject of sale.

■ Even in cases where implied warranties were deemed existent as applied thereto, it has never been extended to fences, driveways, and ancillary construction in and of themselves, whether erected to be sold at the same time as the principal structure or not. We do not deem any implied warranty to have application. Even if it does we would not be disposed to hold that where, as a part of the land and improvements sold, the principal structure is used and not new, though the ancillary improvement is new, there could be any implied warranty of fitness, etc. applicable to the ancillary improvement. 59 Tex. Jur.2d (Vendor and Purchaser), (Recovery of Damages) (1964). In general, *Westwood Development Company v. Espouge*, 342 S.W.2d 623 (Tex.Civ.App.—San Antonio 1961, writ ref'd n.r.e.).

■ We furthermore hold, in the event we err by what was stated in the preceding paragraph, that by the written contractual language evidencing the agreement of the parties in this case (where the Turners obviously contracted to accept that which was purchased "as is", in its existent condition) they waived their right to claim reliance on any implied warranty. 58 Tex.Jur.2d 343, § 142 "(Vendor and Purchaser) (Particular Agreements and Stipulations)—In general;" (1964); 75 A.L.R. 1032 Annotation: "Provision in sale contract to the effect that only conditions incorporated therein shall be binding" (1931); supplemented at 127 A.L.R. 132 (1940); and again, at 133 A.L.R. 1360 (1941).

Affirmed.