Vijai P. GUPTA, Appellant,

v.

RITTER HOMES, INC., Appellee.

No. A2979.

Court of Appeals of Texas,
Houston (14th Dist.).

April 15, 1982.

Larry Anderson, Anderson & Anderson, Crosby, for appellant.

Paul J. McConnell, III, Delange, Hudspeth, Pitman & Katz, Houston, for appellee.

Before J. CURTISS BROWN, C. J., and JUNELL and PRICE, JJ.

## OPINION

PRICE, Justice.

This is an appeal from a summary judgment granted in favor of the original homebuilder, appellee Ritter Homes, Inc., in a suit brought by the second owner of a used home, appellant Vijai P. Gupta. Appellant brought suit against appellee on three theories: implied warranty under the Deceptive Trade Practices Act, implied warranty under the Texas Business and Commerce Code and negligence. The trial court sustained the appellee's motion for summary judgment, holding that no implied warranty exists on a used home or in other words, a homebuilder makes no implied warranty to a second owner who purchases a home from the original owner. On appellant's theory of negligence, the trial court held that appellee owed no duty to appellant since no privity existed between appellant and appellee. We agree that in Texas no implied warranty exists on the sale of a used home, but we reverse and remand on the issue of negligence because privity is not required under the alleged cause of action for negligence.

Appellant, Vijai P. Gupta, purchased a home for investment purposes on September 29, 1977, from James Wobig, the original homeowner. Wobig had in turn purchased the home new from the appellant homebuilders three months earlier on June 17, 1977. Appellant had no contact, agreement or dealings with appellee prior to his purchase of the house from Wobig. Shortly after his purchase, appellant noticed cracks

appearing in the wall, driveway and garage slab. Appellant came out to the home and made some minor repairs. Thereafter, the cracks increased in severity and the appellants, after inspecting the home, refused to repair the alleged defects.

Appellant then sued appellee seeking economic damages sustained by reason of implied warranty under the Texas Deceptive Trade Practices Act and section 2.314 and 2.315 of the Texas Business and Commerce Code and negligence. Other theories of recovery under the Texas Deceptive Trade Practices Act and express warranty were alleged but they have been either disposed of or severed from this cause in a manner not made entirely clear in the record. In any event, complaint on appeal has been limited to the summary judgment motion and ruling on the issues of implied warranty and negligence.

Appellee filed a motion for summary judgment showing the undisputed facts of the purchase of a used home by appellant from Wobig and the lack of privity between appellant and appellee. Therefore, appellee urged, no cause of action for implied warranty existed in favor of appellant and no duty was owed under the negligence theory by appellee to appellant because privity did not exist between them. The trial court granted the summary judgment on both points and it is from this action of the trial court that appellant perfects this appeal.

In his first point of error, appellant contends that the trial court erred in holding that no cause of action existed for implied warranty. Appellant urges that this case is one of first impression in Texas and that the rule enunciated in two prior civil appellate cases are inapplicable. We disagree. Two Courts of Civil Appeals have decided cases relating to implied warranty and its application to purchases of used homes. The first of these, *Cheney v. Parks*, 605 S.W.2d 640 (Tex.Civ.App.—Houston [1st Dist] 1980, writ ref'd n.r.e.), involved the sale of a used home for which damages were sought pursuant to the Texas Deceptive Trade Practices Act. The court held in that case that the Texas Deceptive Trade

Practices Act did not create an implied warranty:

"Under Texas law there is no implied warranty that used goods are fit for the purpose for which they were purchased. *Chaq Oil Co. v. Gardner Machinery Corp.*, 500 S.W.2d 877 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ). We find that this holding is equally applicable to the purchase of a used dwelling. A buyer of a used house takes the same subject to wear and tear of use just as does the buyer of a used automobile..."

The second case, *Thornton Homes, Inc. v. Greiner*, 619 S.W.2d 8, 9 (Tex.Civ.App.—Eastland 1981, writ ref'd n.r.e.), was a venue case in which the court held that "Texas courts have consistently held that an implied warranty does not attach to the sale of used goods where the purchaser knows they are used," reiterating the principle of *Cheney v. Parks, supra*, that such a conclusion is equally applicable to the sale of a used dwelling. *Thornton Homes, Inc. v. Greiner, supra* at 9, citing *Valley Datsun v. Martinez*, 578 S.W.2d 485 (Tex.Civ.App.—Corpus Christi 1979, no writ) and *Chaq Oil Company v. Gardner Machinery Corp.*, 500 S.W.2d 877 (Tex.Civ.App.—Houston [14th Dist.] 1973, no writ). The court in that case further stated that the appellees had failed to plead a claim for relief under the Deceptive Trade Practices Act because they had purchased a used home.

It is thus well established that appellant has no cause of action against appellees under the Deceptive Trade Practices Act in that no implied warranties flowed to appellant since appellant knowingly purchased a used home. Appellees further rely upon *Turner v. Conrad*, 618 S.W.2d 850 (Tex.Civ.App.—Fort Worth, 1981) in oral argument but that case is distinguishable since it involved an "as is" purchase. Appellant's assertion that he had a cause of action for implied warranties under the Uniform Commercial Code is unfounded because sales of realty, in this case a used home, are not within the scope of the Code. Tex.Bus.& Com.Code Ann. § 2.102 (Vernon 1968). The trial court was correct in ren-

dering summary judgment in favor of appellees with respect to the implied warranty allegations and appellant's first point of error is overruled.

In his second point of error, appellant asserts that the trial court erred in granting appellee's motion for summary judgment by ruling that, as a matter of law, no privity existed between appellant and appellee and therefore, appellee owed no duty to appellant. As a result of the absence of privity, the trial court reasoned that the home buyer, appellant, had no cause of action against the appellee for negligence. We conclude that the trial court erred in this respect.

Appellees cite no authority nor can we locate any for the proposition that privity of contract is a prerequisite to an action for damages based upon a negligence theory. The Texas Supreme Court has held to the contrary in two cases, stating that privity is not a requirement to maintain an action for damages based upon a negligence theory of recovery. In *Nobility Homes of Texas, Inc. v. Shivers*, 557 S.W.2d 77, 83 (Tex.1977), the Supreme Court upheld a jury verdict based upon negligence in favor of a mobile home purchaser against the manufacturer with whom the purchaser was not in privity. Again in *Cameron v. Terrell & Garrett, Inc.*, 618 S.W.2d 535 (Tex.1981), the Texas Supreme Court, in determining that the legislature did not intend to restrict the application of the Deceptive Trade Practices Act to those who furnish goods and services, stated: "[I]n contrast, privity requirements have been dispensed with altogether in negligence suits..." *Cameron v. Terrell and Garrett, supra* at 541, citing *Nobility Homes of Texas, Inc. v. Shivers, supra.*

■ We hold that privity of contract is not a prerequisite for establishing a duty owed to appellant by appellees. We believe that a homebuilder contemplates sales of the home beyond the initial purchaser and thusly, a homebuilder owes a duty to exercise ordinary care in the construction of the home. This duty is not limited to the first purchaser of the home. Since this suit was brought in a timely manner, we do not pass on any question as to the nature of the

alleged defects, whether latent or obvious, and the accrual of a cause of action for limitation purposes.

■ Appellees contend that the summary judgment should be sustained since appellant failed to bring up the complete record. Appellant submits that the absence of appellees' request for admissions and appellant's answer to this request requires us to presume that the absent record supports the summary judgment. *DeBell v. Texas General Realty, Inc.*, 609 S.W.2d 892 (Tex.Civ. App.—Houston [14th Dist.] 1980). The instant case is distinguishable in that the basis for the summary judgment was the absence of privity and a purchase of a used home by appellant. The basis of the motion and the court's ruling was on these points of law as to whether a cause of action existed for implied warranty and negligence under these undisputed facts. No other facts were material or necessary to this determination and therefore, the holding of *DeBell v. Texas General Realty, Inc. supra*, does not apply.

The trial court properly granted Summary Judgment on the issue of implied warranty, but the case is reversed and remanded for trial on the issue of negligence.