Reverse and Remand in part; Affirm in part; Opinion Filed March 19, 2013.



In The

# Court of Appeals

## Fifth District of Texas at Dallas

No. 05-11-01589-CV

## KAY YOST, Appellant
## V.
## JERED CUSTOM HOMES, Appellee

On Appeal from the 382nd Judicial District Court
Rockwall County, Texas
Trial Court Cause No. 1-08-1007

## OPINION

Before Justices Lang-Miers, Myers and Lewis
Opinion by Justice Myers

Kay Yost appeals the take-nothing summary judgment against her and in favor of Jered

Custom Homes. Appellant brings two issues on appeal contending (1) the trial court erred by

granting appellee's motion for summary judgment, and (2) the trial court erred by considering

appellee's summary judgment evidence. We affirm the trial court's judgment in part and reverse

and remand in part.

## BACKGROUND

This is a construction liability case concerning a house in Royse City, Texas. In 2004,

Brad and Lea Byers hired appellee to construct the home. The Byerses had other professionals

design the home, and the foundation was designed by Brad Byers's employer, Childress

Engineering Services, Inc. Appellee constructed the foundation and most of the house pursuant

to a contract with the Byerses. The contract included an express warranty and a disclaimer of the implied warranty of good and workmanlike construction. The contract also provided that because the Byerses had hired their own design professionals to design the house, the parties agreed that those design professionals, and not appellee, would be responsible for the adequacy of the design and the sufficiency of the contract documents prepared by those professionals. The contract also provided that the Byerses would be responsible for obtaining any necessary soil and subsoil tests "and any other tests which may affect the structural integrity of the Improvements."

In 2006, appellant and her daughter, Tracy Yost, purchased the house from the Byerses. When appellant moved into the house, the locks she had previously installed no longer fit the doors. Appellant contacted Childress Engineering, which sent an engineer to her home. Childress Engineering purportedly inspected the foundation and reported that "the foundation is in a general satisfactory condition."

Appellant filed a complaint with the Texas Residential Construction Commission (TRCC) alleging numerous problems with the house. The TRCC appointed an independent inspector, Robert Pierry, to investigate the claims of structural defects. Pierry reported that the soil under the house was causing upheaval of the foundation on the left, right, and rear sides of the house, which "appeared to be the result of an increase of moisture in the soil beneath the affected portions of the foundation. The poor drainage conditions that exist around the perimeter of the house have likely caused or contributed to cause [t]his increase in soil moisture." Pierry concluded the foundation was within acceptable tolerances. Pierry recommended appellee repair a crack in the garage's foundation by injecting it with epoxy. Pierry also recommended appellee repair some misaligned doors and windows, and that it repair a floor made uneven by improper

framing or carpet pad installation. Pierry concluded that the uneven upstairs hall floor and the failure of a bedroom door to latch were not structural defects.

Appellant appealed Pierry's report. The appeals panel for the TRCC concluded the builder should repair the uneven upstairs hall floor and bedroom door because, even though they were not structural defects, they were workmanship and materials defects and should be repaired under the implied warranty. Appellant also appealed Pierry's failure to address appellant's complaint that the house was lower in the center and was 2.6 inches out of tolerance. The appeals panel concluded this item was in compliance with the usual and customary residential construction practices.

Appellee made an offer to appellant to make the repairs recommended by Pierry and the appeals panel or to pay appellant $4000 for the contractor of appellant's choice to make the repairs. Appellant never replied to this offer.

Appellant then had the house inspected by professional engineer Michael Porter. Porter concluded that negligent pier design resulted in distress cracking caused by foundation differential movement. The foundation's differential movement, Porter stated, was "the result of negligent pier design without the benefit of a site specific geotechnical investigation and the absence of provisions to protect against heaving resulting from upward soil moisture migration." He concluded it was not practical to make the corrections to return the home to like-new condition.

Appellant also had the house inspected by David Gregg, a licensed insurance adjuster and construction consultant. Gregg stated in his affidavit that appellee should have obtained a site-specific geotechnical report before building the home. He also stated that appellee was negligent in relying on Childress Engineering's foundation design. "Had [appellee] obtained a

- 3 -

site specific geotechnical survey prior to construction it could have taken steps to build the home so that it would not have been so subject to soil upheaval." Gregg estimated the cost to repair the foundation and damage at $524,563.

On October 16, 2008, appellant and Tracy Yost sued appellee and other defendants for damages associated with the house. They sued appellee for negligence for failing "to obtain a site specific geotechnical report or ensure that such a report was obtained prior to relying upon the foundation apparently designed by" Childress Engineering. The Yosts alleged this negligence resulted in the home being built without adequate provisions to protect against heaving from upward soil movement. The Yosts also alleged appellee was negligent because it "simply abdicated its responsibility to ensure that every aspect of the construction of Plaintiff's home was done in a good and workmanlike manner consistent with the standards in the industry." The Yosts also alleged appellee breached the implied warranties of habitability and of good and workmanlike construction when it "either built or designed the foundation improperly without obtaining a site specific geotechnical report or relied on others to do so for it."

Appellee moved for summary judgment. Each side objected to the other's summary judgment evidence. The trial court granted appellee's motion and ordered that the Yosts take nothing on their claims against appellee. However, the trial court did not rule on the objections to the summary judgment evidence. Appellant brings this appeal of the summary judgment.[1]

## JURISDICTION

Appellee has informed the Court that in 2011, before the summary judgment became a final judgment, appellant's lender foreclosed on the property and the house was sold at public auction to a third party. Appellee filed "Suggestion Re: Standing and Mootness," asserting that

---

[1] Tracy Yost did not appeal.

- 4 -

because appellant no longer owns the house, her claims for negligence and breach of implied warranty from the home's construction are moot because she no longer has standing to assert them. Appellant did not respond to appellee's "Suggestion."

Standing is a component of subject-matter jurisdiction and may be raised for the first time on appeal. *See Waco Indep. Sch. Dist. v. Gibson*, 22 S.W.3d 849, 851 (Tex. 2000). For standing, a party must be personally aggrieved with an actual or imminent concrete and particularized injury. *DaimlerChrysler Corp. v. Inman*, 252 S.W.3d 299, 304–05 (Tex. 2008). The standing doctrine requires a controversy to exist between the parties at every stage of the legal proceedings, including the appeal. *Ascendant Anesthesia PLLC v. Abazi*, 348 S.W.3d 454, 461 (Tex. App.—Dallas 2011, no pet.). A case becomes moot if a controversy ceases to exist or the parties lack a legally cognizable interest in the outcome. *Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex. 2005).

Appellee does not explain why appellant's alleged injuries from the asserted negligent construction and breach of implied warranties ceased when appellant no longer owned the house. Appellant's amended petition does not specify her damages beyond stating, "Plaintiffs' foundation is inadequate to the task and their home is structurally unsound, partially uninhabitable, and devoid of all market value." Appellee did not specially except to the petition, so any lack of specificity is waived. *See* TEX. R. CIV. P. 90. Appellant's allegation that the house lost market value as a result of appellee's negligence and breach of implied warranty may have affected the home's sale price in the foreclosure auction, thereby damaging appellant. And, appellant may have suffered other injuries. Based on the record before us, including appellee's statement in its motion for summary judgment that appellant was a purchaser of the house with Tracy Yost, we conclude appellant had standing to bring the claims, and the claims were not

- 5 -

rendered moot due to the foreclosure and sale of the house. *See ARC Constr. Mgmt., LLC v. Zelenak*, 962 N.E.2d 692, 698 (Ind. Ct. App. 2012) (plaintiffs who allegedly suffered damages as a result of defective construction of home did not lose standing after home was foreclosed); *see also Dowler v. Delta Inv. Hous., Inc.*, 834 S.W.2d 127, 128 (Tex. App.—Eastland 1992, no writ) ("we know of no reason why a subsequent foreclosure by the security interest owner would transfer to the purchaser any cause of action the debtor has against a manufacturer.").

## SUMMARY JUDGMENT

In her first issue, appellant contends the trial court erred by granting appellee's motion for summary judgment in the face of genuine issues of material fact. The standard for reviewing a traditional summary judgment is well established. *See Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985); *McAfee, Inc. v. Agilysys, Inc.*, 316 S.W.3d 820, 825 (Tex. App.—Dallas 2010, no pet .). The movant has the burden of showing that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c).

We review a no-evidence summary judgment under the same legal sufficiency standard used to review a directed verdict. *See* TEX. R. CIV. P. 166a(i); *Flood v. Katz*, 294 S.W.3d 756, 762 (Tex. App.—Dallas 2009, pet. denied). Thus, we must determine whether the nonmovant produced more than a scintilla of probative evidence to raise a fact issue on the material questions presented. *See Flood*, 294 S.W.3d at 762. When analyzing a no-evidence summary judgment, we consider all the evidence in the light most favorable to the nonmovant, indulging every reasonable inference and resolving any doubts against the movant. *Sudan v. Sudan*, 199 S.W.3d 291, 292 (Tex. 2006) (quoting *City of Keller v. Wilson*, 168 S.W.3d 802, 823 (Tex. 2005)). A no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). "More than a scintilla of evidence exists

- 6 -

when the evidence rises to a level that would enable reasonable, fair-minded persons to differ in their conclusions." *Id.* (quoting *Merrell Dow Pharms., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). "Less than a scintilla of evidence exists when the evidence is 'so weak as to do no more than create a mere surmise or suspicion' of a fact." *Id.* (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

In deciding whether a disputed material fact issue exists precluding summary judgment, evidence favorable to the nonmovant will be taken as true. *Nixon*, 690 S.W.2d at 549; *In re Estate of Berry*, 280 S.W.3d 478, 480 (Tex. App.—Dallas 2009, no pet.). Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in its favor. *City of Keller v. Wilson*, 168 S.W.3d 802, 824 (Tex. 2005). We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 175 (Tex. App.—Dallas 2000, pet. denied).

### Specificity of Motion

Appellant contends the trial court erred in imposing the burden on appellant to produce some evidence in support of the claims because appellee's motion for summary judgment failed to specify the elements of appellant's claims lacking evidence. Appellant asserts she specially excepted to appellee's no-evidence motion for summary judgment for failing to specify which elements of appellant's cause of action lacked evidence. The no-evidence summary judgment rule requires the movant to identify the grounds in the motion. TEX. R. CIV. P. 166a(i). The comment to the rule states that "[t]he motion must be specific in challenging the evidentiary support for an element of a claim or defense; paragraph (i) does not authorize conclusory motions or general no-evidence challenges to an opponent's case." *Id.* cmt. 1997; *see Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The purpose of this requirement "is to provide the opposing party with adequate information for opposing the motion, and to define the

issues for the purpose of summary judgment." *Timpte*, 286 S.W.3d at 311 (quoting *Westchester Fire Ins. Co. v. Alvarez*, 576 S.W.2d 771, 772 (Tex. 1978)). This purpose is analogous to the "fair notice" pleading requirements. *Id.* Even if the motion lacks specificity, it is sufficient if it allows the nonmovant to discern which elements are attacked for no evidence and to respond to the motion. *See id.*

To attack a motion for summary judgment for lack of specificity, the nonmovant must except to the motion and obtain a ruling on the exception to preserve the issue for appeal. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 342, 343 n.7 (Tex. 1993); *Vodicka v. Lahr*, No. 03-10-00126-CV, 2012 WL 2075713, *4 (Tex. App.—Austin June 6, 2012, no pet.) (mem. op.); *see also* TEX. R. APP. P. 33.1(a)(2).

Although appellant specially excepted to the motion for summary judgment's failure to specify which elements lacked evidence, the trial court never ruled on the special exception. Accordingly, appellant did not preserve any error as to the lack of specificity for appellate review. *McConnell*, 858 S.W.2d at 343 n.7; *see also* TEX. R. APP. P. 33.1(a)(2).

### Negligence

Appellant alleged appellee was negligent by relying on Childress Engineering's design for the foundation and by not obtaining and reviewing a site-specific geotechnical report. A homebuilder should foresee sales of the home beyond the original purchaser. *Gupta v. Ritter Homes, Inc.*, 633 S.W.2d 626, 628 (Tex. App.—Houston [14th Dist.] 1982), *rev'd in part on other grounds*, 646 S.W.2d 168 (Tex. 1983). Thus, a homebuilder owes a duty to subsequent homeowners to exercise ordinary care in the construction of the home. *Id.*

In this case, appellee's duty was to construct the home including its foundation. Pursuant to the contract with the Byerses, appellee had no duty to design the foundation or to test the soil

before pouring the foundation. Appellant argues her negligence claim was supported by the affidavits of two expert witnesses, Michael Porter and David Gregg.

Affidavits without facts in support of the conclusions are conclusory. *See Brown v. Brown*, 145 S.W.3d 745, 751 (Tex. App.—Dallas 2004, pet. denied). An expert witness's opinion testimony is conclusory when the opinion has no basis or when the offered basis provides no support. *City of San Antonio v. Pollock*, 284 S.W.3d 809, 818 (Tex. 2009). Conclusory affidavits are substantively defective and do not raise fact issues. *Ryland Group, Inc. v. Hood*, 924 S.W.2d 120, 122 (Tex. 1996); *Brown*, 145 S.W.3d at 751.

Porter testified the foundation problems were "primarily the result of negligent pier design without the benefit of a site specific geotechnical investigation and the absence of provisions to protect against heaving resulting from upward soil moisture mitigation." Appellee did not design the piers. Porter's affidavit presents no evidence that appellee did not construct the house and foundation according to the design prepared by the Byerses' experts. Porter's affidavit presents no evidence of negligence by appellee.

Appellant states in her brief that "[t]he absence of provisions to protect against heaving resulting from upward soil migration is not in any way limited to the design of the piers and is equally applicable to the builder/Appellee." However, appellant does not cite to any evidence in support of this statement, and the record contains no evidence that the decision whether to include protections for the foundation against heaving from upward soil moisture migration belongs to the builder even when not included in the foundation design.

Appellant also relies on the affidavit of David Gregg, who testified:

> Jered Custom Homes should have obtained a site-specific geotechnical report before building the home . . . . It is customary in the industry, whether building custom homes or tract homes, to have and review a geotechnical report before building a home. Jered Custom Homes, as the contractor is ultimately responsible

- 9 -

for construction of the home and was negligent in failing to obtain such a report before building the home. Moreover, Jered Custom Homes was negligent in simply relying on the [Byerses'] foundation design. Had Jered Custom Homes obtained a site specific geotechnical survey prior to construction it could have taken steps to build the home so that it would not have been so subject to soil upheaval.

Gregg states it is customary in the industry for a geotechnical report to be obtained and reviewed, but he does not state who should review it or utilize its information. Gregg also states that appellee was "ultimately responsible" and "negligent" in relying on the supplied foundation design. However, he does not provide any facts in support of these conclusions. He does not state that a builder, hired to construct a home in a contract providing that the builder has no responsibility to design the foundation or to perform soil testing, is, nonetheless, required by industry standards to have soil testing performed and to retain an expert to review the submitted foundation design. He does not state that industry standards prohibit a builder from relying on a foundation design prepared by a licensed engineer retained by the property owner. We conclude Gregg's affidavit is conclusory and provides no evidence appellee was negligent.

We conclude appellee has failed to show the trial court erred by granting summary judgment on appellant's negligence claim.

**Breach of Warranty**

Appellant also contends the trial court erred by granting summary judgment on appellant's claims for breach of the implied warranty of good and workmanlike construction and the implied warranty of habitability. A homebuilder impliedly warrants that a new house has been constructed in a good and workmanlike manner and is suitable for human habitation. *Humber v. Morton*, 426 S.W.2d 554, 555 (Tex. 1968); *see Centex Homes v. Buecher*, 95 S.W.3d 266, 269 (Tex. 2002) (quoting *Humber*). The implied warranty of good and workmanlike

- 10 -

construction focuses on the builder's conduct while the implied warranty of habitability focuses on the state of the completed structure. *Centex*, 95 S.W.3d at 272–73.

*Implied Warranty of Good and Workmanlike Construction*

Appellee moved for summary judgment on the implied warranty of good and workmanlike construction on the ground that the warranty had been disclaimed. In *Centex*, the supreme court held "that the implied warranty of good workmanship may be disclaimed by the parties when their agreement provides for the manner, performance or quality of the desired construction." *Id.* at 274–75. Appellee's contract to construct the home provided,

> Owner agrees and understands that by signing this contract they are waiving any claim or cause of action under any theory of implied warranty of good and workmanlike construction and that any such implied warranty, to the extent that it exists in Texas, is expressly replaced by the terms of the limited warranty incorporated by reference into this contract.

(Original in all capitals.)

If the appellant does not challenge one of the grounds for summary judgment, the judgment may be affirmed on that ground alone. *Humane Soc'y of Dall. v. Dall. Morning News*, 180 S.W.3d 921, 923 (Tex. App.—Dallas 2005, no pet.); *Holloway v. Starnes*, 840 S.W.2d 14, 23 (Tex. App.—Dallas 1992, writ denied). Appellant did not respond at trial or on appeal to appellee's argument that the warranty of good and workmanlike construction was disclaimed. Accordingly, we must affirm the trial court's grant of the motion for summary judgment on appellant's claim for breach of the implied warranty of good and workmanlike construction.

*Implied Warranty of Habitability*

Appellee's sole ground for summary judgment on appellant's claim for breach of the implied warranty of habitability was that appellant judicially admitted in a pleading that the house was not uninhabitable. A judicial admission is a formal waiver of proof that dispenses with the production of evidence on an issue. *Lee v. Lee,* 43 S.W.3d 636, 641 (Tex. App.—Fort

Worth 2001, no pet.). A judicially admitted fact is established as a matter of law, and the admitting party may not dispute it or introduce evidence contrary to it. *Id.*; *see Dutton v. Dutton*, 18 S.W.3d 849, 853 (Tex. App.—Eastland 2000, pet. denied); *Roosevelt v. Roosevelt*, 699 S.W.2d 372, 374 (Tex. App.—El Paso 1985, writ dism'd). As long as the statement stands unretracted, it is binding on the declarant and must be taken as true by the court and jury. *Lee*, 43 S.W.3d at 641. Statements of fact in live pleadings that are not pleaded in the alternative are regarded as judicial admissions. *Hous. First Am. Sav. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983).

In its motion for summary judgment appellee asserted appellant judicially admitted the house was not uninhabitable because, in her response to appellee's request for production for all photographs, etc., supporting appellant's claim that the house was uninhabitable, appellant's attorney stated, "Plaintiff has no documents responsive to this request as the allegation that the home is uninhabitable was in error." Appellant's response to the motion for summary judgment and her brief on appeal argue that her response to the request for discovery was not a pleading, so appellee was incorrect in asserting appellant judicially admitted in a pleading that the house was not uninhabitable. On appeal, appellee concedes the response to production was not a pleading and that appellee "incorrectly characterized this discovery response as a judicial admission."[2]

---

[2] We agree with the parties that appellant's response to the request for production was not a pleading. *See* TEX. R. CIV. P. 45 ("Pleadings in the district and county courts shall (a) be by petition and answer . . . ."); *Appell v. Muguerza*, 329 S.W.3d 104, 117 (Tex. App.—Houston [14th Dist.] 2010, pet. denied) ("Discovery responses cannot amend a party's pleadings."). However, even if the response to the request for production could have been a judicial admission, the record shows appellant retracted the statement by amending her response and omitting the statement that "the allegation that the home is uninhabitable was in error." *See Atlas Gulf-Coast, Inc. v. Stanford*, 329 S.W.3d 920, 923 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (abandoned pleading is not judicial admission).

Appellee argues on appeal that even though appellant's discovery response was not a judicial admission, it was an admission by a party opponent. Appellee asserts the statement was relevant evidence establishing that appellant's allegation that the home was uninhabitable was in error. However, appellee did not move for summary judgment on that basis. A court of appeals may not affirm a summary judgment on grounds "not expressly set out in the motion or response." *Plunkett v. Conn. Gen. Life Ins. Co.*, 285 S.W.3d 106, 122 (Tex. App.—Dallas 2009, pet. denied) (quoting *Stiles v. Resolution Trust Corp.*, 867 S.W.2d 24, 26 (Tex. 1993)). Because appellee had no other ground for summary judgment on appellant's claim for breach of the implied warranty of habitability, we conclude the trial court erred in granting summary judgment on that claim. We sustain appellant's first issue as to her claim for breach of the warranty of habitability, and we overrule the issue as to appellant's other causes of action.

## EVIDENTIARY OBJECTIONS

In her second issue, appellant contends the trial court "made numerous erroneous evidentiary rulings that resulted in harmful error." Appellant objected to the affidavits of appellee's experts and to appellee's use of appellant's responses to the requests for production. The trial court did not rule on appellant's objections. However, appellant contends the objections pointed out substantive defects in appellee's summary judgment evidence, which may be raised for the first time on appeal. *See Thompson v. Curtis*, 127 S.W.3d 446, 450 (Tex. App.—Dallas, 2004, no pet.).

We have already concluded the trial court did not err by granting the motion for summary judgment on appellant's claims for negligence and breach of the implied warranty of good and workmanlike construction. In reaching these conclusions we did not rely on any of the evidence to which appellant objected. Therefore, even if the objected-to evidence was inadmissible, it did

not "probably cause[] the rendition of an improper judgment" and is not reversible. *See* TEX. R. APP. P. 44.1(a). We overrule appellant's second issue.

## CONCLUSION

We reverse the trial court's judgment as to appellant's cause of action for breach of the implied warranty of habitability, and we remand the cause for further proceedings on that cause of action. In all other respects, we affirm the trial court's judgment.

111589F.P05

_____
LANA MYERS
JUSTICE



# Court of Appeals
## Fifth District of Texas at Dallas

### JUDGMENT

Kay Yost, Appellant

No. 05-11-01589-CV     V.

Jered Custom Homes, Appellee

On Appeal from the 382nd Judicial District Court, Rockwall County, Texas
Trial Court Cause No. 1-08-1007.
Opinion delivered by Justice Myers.
Justices Lang-Miers and Lewis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **REVERSED** as to appellant Kay Yost's cause of action for breach of the implied warranty of habitability, and this cause is **REMANDED** to the trial court for further proceedings on that cause of action. In all other respects, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellant Kay Yost recover her costs of this appeal from appellee Jered Custom Homes.

Judgment entered this 19th day of March, 2013.


_____
LANA MYERS
JUSTICE